(142 App. Div. 507.)

VAN WICKLEN v. VAN WICKLEN.

(Supreme Court, Appellate Division, Second Department. January 20, 1911.)

1. EVIDENCE (§ 87*)—PRESUMPTIONS—FAILURE TO CALL WITNESS.

The extent to which a jury may go in drawing inferences from the nonproduction of witnesses is governed by no hard and fast rule, but is to be determined on the facts of each case.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 109; Dec. Dig. § 87.*]

2. EVIDENCE (§ 77*)—PRESUMPTIONS—FAILURE TO CALL WITNESSES.

Where plaintiff produced surveyors as expert witnesses, who testified in his favor as to a boundary, his failure to call such witnesses upon the second trial gave rise to no inference that they would have testified against plaintiff, where there was nothing to indicate that their testimony would have been different, especially where their testimony would have been simply cumulative.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 97; Dec. Dig. § 77.*]

---

Appeal from Trial Term, Kings County.

Action by David S. Van Wicklen against Elizabeth Van Wicklen. From a judgment for defendant, and an order denying a new trial, plaintiff appeals. Reversed, and new trial granted.

See, also, 136 App. Div. 892, 119 N. Y. Supp. 1148.

Argued before JENKS, BURR, THOMAS, RICH, and CARR, JJ.

Rufus O. Catlin, for appellant.

James A. Sheehan, for respondent.

CARR, J. The plaintiff appeals from a judgment entered upon a verdict of a jury in favor of the defendant. The controversy arises from a dispute as to the location of the boundary lines of certain real property situated in Kings county. Both plaintiff and defendant own a tract of real property as tenants in common. Adjoining this tract there is some land which the defendant owns in fee in severalty. She placed a building on the land, and the controversy arises as to whether this building was placed on the land she owns in severalty or on the land she owns in common with the plaintiff.

It appears from this record that the action has been tried twice. On the first trial the plaintiff called two surveyors, Voorhees and Murphy, who had made surveys tending to show the true location of the disputed boundary lines. On the second trial he called neither of these witnesses, but, instead, produced a new witness, one Palmer, likewise a surveyor, who gave testimony in support of the plaintiff's claim as to the boundary line. The defendant gave testimony to show that Voorhees and Murphy were in town and available as witnesses, if the plaintiff chose to call them. The plaintiff gave testimony that he understood, after inquiry, that both of these men were absent from town, and would not be present in time for the trial, and that therefore he engaged the new witness, Palmer, to make a survey and appear to give testimony. He produced the survey, made by these witnesses and used at the first trial, and offered in evidence the testimony given at that trial by both these witnesses. On objection by the defendant, these proposed proofs were excluded. When the case was submitted to the jury, the defendant requested the trial court to charge as follows':

"That if the jury finds that Charles S. Voorhees and Francis Murphy, witnesses who testified for the plaintiff on the former trial, are not produced on this trial, and no satisfactory explanation given of their absence, then the jury may infer that, if produced in court, their testimony would be against the plaintiff."

The court so charged, and the plaintiff excepted. The question arises whether this particular instruction is not reversible error. The respondent defends this part of the charge on the ground that it did not impose upon the jury a duty of presuming against the plaintiff because of the nonproduction of the witnesses Voorhees and Murphy, but simply left it to the jury to draw such inferences on that point as might seem to them permissible, and she cites Kirkpatrick v. Allemannia Fire Ins. Co., 102 App. Div. 327, 92 N. Y. Supp. 466. There the instruction was that:

"The jury has a right to presume that, if the plaintiff has failed to call witnesses within his control who could testify to facts material to those in issue, his testimony, if given, would not have been favorable to the plaintiff's case," and that "in considering the case the jury may consider the fact that the plaintiff did not call Max Hart or Carlos Martyn."

Under the facts of that case these instructions were held not to be erroneous. There, however, the defense was on a fire insurance policy, that the plaintiff had set its property on fire to get the insurance moneys. The witnesses referred to were officers and employés of the plaintiff, and the testimony in the case tended to show that they were in a position to know something of the facts attending the outbreak of the fire. The question here at bar is not the same. In the case at bar, the witnesses had been produced on a first trial. What they then swore to was a matter of record. The defendant knew of it as fully as the plaintiff. The witnesses were not called to give evidence as to actual facts, but to give expert or opinion evidence to aid the jury in ascertaining the facts. Much has been written as to the extent to which a jury may go in drawing inferences from the nonproduction of witnesses; but it can be said safely that the question is to be determined on the facts of each case, and that there is no hard and fast rule which applies uniformly to every case. 1 Wigmore's Evidence, §§ 285, 286, 287, 288.

This question, as applied to quite different circumstances, has been discussed in Bleecker v. Johnston, 69 N. Y. 309, Sugarman v. Brengel, 68 App. Div. 377, 74 N. Y. Supp. 167, and Reehil v. Fraas, 129 App. Div. 563, 114 N. Y. Supp. 17. None of these cases apply to a situation where expert witnesses who had been called on a first trial were not produced upon a second trial. In the case at bar, the charge of the trial court was in effect that as a matter of law it was a permissible inference that these witnesses, if called upon the second trial, would have testified against the plaintiff. To go to this extent was entirely unjustifiable. There was nothing whatever in the case to indicate that, if produced at the second trial, their testimony would have been any different than at the first trial. Under the charge, their absence was dignified into the weight of sworn testimony contradicting their former sworn testimony.

Again, on the second trial, as the plaintiff had already given the testimony of an expert witness, their testimony on the second trial would have been simply cumulative, and perhaps inferior in weight, and there is no room for a presumption against a party who omits cumulative or inferior testimony. Wigmore's Evidence, ut supra.

In our judgment, the charge, in the particular complained of, was clearly erroneous, and the judgment should be reversed, and a new trial granted; costs to abide the event. All concur.