## CHENEY v. SCHARMANN.

(Supreme Court, Appellate Division, Second Department. June 9, 1911.)

1. BANKS AND BANKING (§ 49*)—STOCKHOLDERS' LIABILITY—ACTION BY SUPERINTENDENT—PLEADING AND PROOF.

Const. art. 8, § 7, provides that the stockholders of every banking corporation shall be individually liable for the amount of their respective shares of stock for all its debts and liabilities, and Banking Law (Consol. Laws 1909, c. 2) § 19, provides that the superintendent of banks may take possession of the property and business of any corporation or individual banker, under specified circumstances, and retain possession until the corporation or banker shall resume business or its affairs be liquidated, and that such superintendent, if necessary to pay the debts of the corporation, may enforce the individual liability of stockholders. *Held* that, since the superintendent was authorized to take possession of the affairs of the bank for reasons other than its inability to pay debts, it was insufficient in an action by the superintendent against a stockholder to recover the amount of his personal liability to show that the superintendent had considered it necessary to enforce such liability; it being essential that the facts showing such necessity be alleged and proved.

[Ed. Note.—For other cases, see Banks and Banking, Dec. Dig. § 49.*]

2. BANKS AND BANKING (§ 313*)—STOCKHOLDERS' INDIVIDUAL LIABILITY—ENFORCEMENT BY SUPERINTENDENT—FORM OF ACTION.

Banking Laws (Consol. Laws 1909, c. 2) § 196, relating to the liability of stockholders of trust companies, declares that, if default should be made in the payment of any debt or liability contracted by any such corporation, the stockholders shall be individually responsible, equally and ratably, for the then existing debts of the corporation to the extent of the par value of their respective shares, etc. *Held*, that where a trust company had been taken charge of by the superintendent of banks, and it was essential to enforce a stockholder's liability to pay debts, an action at law would not lie on behalf of the superintendent of banks against a single stockholder to enforce his liability, but the same could be enforced only by a suit in equity where the liabilities on each and all might be equally and ratably ascertained and apportioned.

[Ed. Note.—For other cases, see Banks and Banking, Dec. Dig. § 313.*]

3. BANKS AND BANKING (§ 49*)—STOCKHOLDERS' LIABILITY—ENFORCEMENT BY SUPERINTENDENT OF BANKS.

Banking Law, as amended by Laws 1908, c. 143, § 3, now Consol. Laws 1909, c. 2, § 19, authorizing the superintendent of banks to sue to enforce the liability of stockholders necessary to pay debts after taking possession of the affairs of the corporation, does not make the enforcement of such liability mandatory on the superintendent, nor does it deprive the creditor of his right to enforce such liability on behalf of himself and other creditors of the corporation.

[Ed. Note.—For other cases, see Banks and Banking, Dec. Dig. § 49.*]

4. BANKS AND BANKING (§ 313*)—TRUST COMPANIES—STOCKHOLDERS' LIABILITY.

Banking Laws (Consol. Laws, 1909, c. 2) § 71, providing that, where a permanent receiver has been appointed and the corporation has been dissolved, actions or proceedings to enforce the liability of stockholders are to be prosecuted only in the name and on behalf of the receiver, unless the receiver refuses to take such action, applies only to banks and not to trust companies, and then only where a permanent receiver has been appointed, and is actively in charge of the corporation's business.

[Ed. Note.—For other cases, see Banks and Banking, Dec. Dig. § 313.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

5. BANKS AND BANKING (§ 49*)—INSOLVENCY—STOCKHOLDERS—INDIVIDUAL
    LIABILITY—ENFORCEMENT—CONDITIONS PRECEDENT—JUDGMENT AGAINST
    CORPORATION.

   Stock Corp. Law (Consol. Laws 1909, c. 59) § 59, requiring judgments
   against a corporation and the return of an execution unsatisfied as a
   condition precedent to an action to enforce individual liability of stock-
   holders, does not apply to a suit by the superintendent of banks under
   Banking Law (Consol. Laws 1909, c. 2) § 19, to enforce stockholder's in-
   dividual liability to pay debts of the bank prior to dissolution; there be-
   ing no authority in the superintendent to sue for and recover judgment
   on claims of creditors, or authority to issue execution thereon, as con-
   templated by section 59.

   [Ed. Note.—For other cases, see Banks and Banking, Dec. Dig. § 49.*]

Appeal from Trial Term, Kings County.

Action by Orion H. Cheney, as Superintendent of Banks of the
State of New York, against August C. Scharmann. From a judg-
ment for plaintiff, defendant appeals. Reversed.

See, also, 128 N. Y. Supp. 1117.

Argued before HIRSCHBERG, BURR, THOMAS, CARR, and
WOODWARD, JJ.

Almet Reed. Latson (Ward W. Pickard, on the brief), for appellant.
Alfred A. Wheat (Beno B. Gattell and Mark M. Salomon, on the
brief), for respondent.

WOODWARD, J.   The Lafayette Trust Company was a corpora-
tion organized and existing under and by virtue of article 5 of the
banking law (Consol. Laws 1909, c. 2) of the state of New York, en-
gaged in the conduct of the business of a trust company.   On the
30th day of November, 1908, the plaintiff, as superintendent of banks,
took possession of the property and business of said company, in ac-
cordance with the authority conferred upon him by section 19 of the
banking law of the state for the purpose of liquidating its business and
affairs.   The trust company had a capital stock of $500,000, consisting
of 5,000 shares of $100 each, and the defendant was the owner and
holder of 300 shares of such stock.   On the 21st of March, 1910, the
plaintiff determined that, in order to pay the liabilities of the Lafayette
Trust Company, it was necessary to enforce the individual liability
of the stockholders thereof, and therefore made a requisition upon said
stockholders demanding that they pay on or before the 20th day of
May, 1910, $100 upon every share of the capital stock held by each.
Upon the refusal of the defendant to pay, this action was brought to
recover the amount demanded.

[1] The complaint in this action briefly sets forth the foregoing
facts.   Upon the trial of this action these facts were proven, and prac-
tically nothing more.   The plaintiff testified that on the 14th of March,
1910, he considered the question of whether or not it was necessary
to enforce the individual liability of stockholders, and determined that
the liability should be enforced; that on that day he sent to the special
deputy in charge of the Lafayette Trust Company a letter, instructing
him to make written demand on the stockholders of the company,
prescribing the form of circular letter to be sent to each stockholder.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

He directed the bringing of suits to enforce the demand. This comprised the entire proof given by the plaintiff.

There was no evidence given as to the financial condition of the trust company, no evidence of the amount of the assets or liabilities of the company, or what deficiency existed or would exist after all the assets had been marshaled and converted. All that can be found in the record touching the condition of the trust company, or the necessity or propriety of resorting to or enforcing the individual liability of stockholders, is the proof that the superintendent of banks considered it necessary, and instructed suits to be brought. What considerations or facts warranted or supported such a conclusion on the part of the superintendent of banks do not appear, and were not offered to be shown by evidence on the trial. So far as this record is concerned, the right to maintain this action rests solely and entirely on the fact that the superintendent of banks had taken possession of the Lafayette Trust Company, and concluded in his mind it was advisable to enforce the constitutional and statutory individual liability of the stockholders of this company. The trial court rendered judgment against the defendant for an amount equal to the par value of the stock held by him, and from that judgment an appeal is taken to this court.

We are of the opinion that this judgment cannot be sustained.

Article 8, § 7, of the state Constitution, provides:

"The stockholders of every corporation and joint-stock association for banking purposes, shall be individually responsible to the amount of their respective share or shares of stock in any such corporation or association, for all its debts and liabilities of every kind."

Section 196 of the banking law, governing trust companies, provides:

"If default shall be made in the payment of any debt or liability contracted by any such corporation, the stockholders thereof shall be individually responsible, equally and ratably, for the then existing debts of the corporation, but no stockholder shall be liable for the debts of the corporation to an amount exceeding the par value of the respective shares of stock by him held in such corporation at the time of such default."

Section 19 of the banking law, as it existed at the date of the commencement of this action, provides that:

"Whenever it shall appear to the superintendent that any corporation or individual banker to which this chapter is applicable has violated its charter or any law of the state, or is conducting its business in an unsafe or unauthorized manner, or if the capital of any such corporation or individual banker is impaired, or if any such corporation or individual banker shall refuse to submit its books, papers and concerns to the inspection of any examiner, or if any officer thereof shall refuse to be examined upon oath touching the concerns of any such corporation or individual banker, or if any such corporation or individual banker shall suspend payment of its obligations, or if from any examination or report provided for by this chapter the superintendent shall have reason to conclude that such corporation or individual banker is in an unsound or unsafe condition to transact the business for which it is organized, or that it is unsafe and inexpedient for it to continue business, or if any such corporation or individual banker shall neglect or refuse to observe an order of the superintendent specified in section seventeen of this chapter, the superintendent may forthwith take possession of the property and business of such corporation or individual banker, and retain such possession until such corporation or individual banker shall resume business, or its affairs

be finally liquidated as herein provided. * * * Such corporation or individual banker may, with the consent of the superintendent, resume business upon such conditions as may be approved by him. Upon taking possession of the property and business of such corporation or individual banker the superintendent is authorized to collect moneys due to such corporation or individual banker, and do such other acts as are necessary to conserve its assets and business, and shall proceed to liquidate the affairs thereof as hereinafter provided. The superintendent shall collect all debts due and claims belonging to it, and upon the order of the Supreme Court may sell or compound all bad or doubtful debts, and on like order may sell all the real and personal property of such corporation or individual banker on such terms as the court shall direct; *and may, if necessary to pay the debts of such corporation, enforce the individual liability of the stockholders.*"

It is by virtue of this clause of the section in question, providing the bank superintendent "may, if necessary to pay the debts of such corporation, enforce the individual liability of the stockholders," that the plaintiff bases his right to maintain this action.

Assuming for the moment that the superintendent, in a proper case, may maintain an action of this nature, it is sufficient to say that he has not brought himself within the provisions of the statute. His complaint contains no allegation of any fact showing that, in order to pay the debts of the corporation, it is or will be "necessary" to "enforce the individual liability of the stockholders." On the trial no evidence was given of any such fact. It is only when such a condition exists that the superintendent is authorized to enforce the liability of stockholders.

As will be observed by reading the entire provisions of section 19 of the banking law, the superintendent of banks is authorized to take possession of a bank or trust company for various reasons. If a bank or trust company has violated its charter, he may do so. If it is "conducting its business in an unsafe or unauthorized manner," or if its capital is impaired, if the corporation refuses to submit its books, papers, and concerns to the inspection of any examiner, if an officer refuses to be examined on oath touching its affairs, or if such bank or trust company shall suspend payment of its obligations, the superintendent may take possession of its affairs. All these things may exist and the bank or trust company still be able to pay its debts in full, without resorting to the individual liability of its stockholders. The fact that the superintendent of banks had taken possession of the Lafayette Trust Company furnishes no presumption that the corporation was unable to pay its debts, or that it was or is necessary to "enforce the individual liability of the stockholders." To accept his personal decision that "it was necessary to enforce the individual liability of stockholders" is to substitute the superintendent's conclusion for facts—his opinion for evidence—his arbitrary ex parte decision for the investigation and judgment of established courts of justice. This cannot be done. There is nothing in the banking law conferring on the superintendent such power or authority.

We think, to maintain an action by the superintendent to enforce the liability of stockholders, it should be made to appear by evidence that the necessity for such action in fact exists. To adopt any other or different rule would be making the opinion of the superintendent final and conclusive, and substituting his judgment for that of the court,

to be rendered only after a judicial inquiry wherein the stockholders have a forum in which to be heard and litigate their liability.

In the case of People v. Manhattan Real Estate & Loan Company, 175 N. Y. 133, 67 N. E. 219, it was held that a complaint in an action by the Attorney General in the name of the people, to procure a judgment against a real estate and loan corporation, subject to the provisions of the banking law, for the annulment or forfeiture of its charter, and the appointment of a receiver for the distribution of its assets, was defective and demurrable upon the ground that it failed to state facts sufficient to constitute a cause of action, when such complaint did not contain any traversable allegation, either to the effect that the defendant was insolvent and unable to pay its debts, or had violated any specific law; that an allegation which is merely a statement of the opinion of the superintendent of banks and the Attorney General that it is unsafe and inexpedient for the defendant to continue and transact business is not a sufficient basis for a judgment dissolving the corporation, and distributing its assets through the medium of a receiver or otherwise. The court said:

"If the opinion of the superintendent or of the Attorney General derived from an examination of the affairs of the corporation could be held sufficient to sustain the action, then there would be no necessity of referring the matter to the court at all."

This view of the case alone calls for a reversal of the judgment appealed from.

[2] There still remains in this case, however, the further question as to whether the superintendent of banks may maintain an action at law against a single stockholder to enforce the liability imposed by the Constitution and statute; or whether he must resort to an action in equity, in which all stockholders shall be made parties defendant, and the rights and equities of all parties protected and conserved.

Section 196 of the banking law governs the liability of stockholders of trust companies, and reads:

"If default shall be made in the payment of any debt or liability contracted by any such corporation, the stockholders thereof shall be individually responsible, equally and ratably, for the then existing debts of the corporation, but no stockholder shall be liable for the debts of the corporation to an amount exceeding the par value of the respective shares of stock by him held in such corporation at the time of such default."

The very language of the section quoted seems to preclude the idea that its framers contemplated separate actions against individual stockholders, but rather an action of an equitable nature, where the liabilities of each and all may be "equally and ratably" ascertained and apportioned.

The subject was up for discussion in the case of Marshall v. Sherman, 148 N. Y. 9, 20–23, 42 N. E. 419, 421 (34 L. R. A. 757, 51 Am. St. Rep. 654), where was sought in an action against an individual stockholder to recover on an alleged liability by reason of his holdings of stock in a foreign corporation. Judge O'Brien, speaking for the court, among other things, said:

"The debt which the plaintiff is seeking to enforce is not the debt of the defendant, but that of the bank. The only liability that in law is imposed

upon the defendant to pay this debt, or any part of it, is created by the statutes of the state where the corporation is domiciled. The principle adopted generally by the more recent cases in this state is that such a liability is not strictly based upon contract, but is created by statute. It is not primary, but secondary, and conditional upon the failure of the corporation itself which owes the debt to pay it. A liability is imposed by statute upon the defendant to pay the corporate debts to a limited extent under certain circumstances and upon certain conditions. It is not a general liability, but special, and conditioned upon the failure of the corporation itself to pay. This peculiar liability has been held by our courts to place the stockholders of the corporation in the relation of sureties or guarantors of the corporate debts, and the obligation is limited, in the first place, by the defendant's holdings in the corporation, and in the second place by the deficiency existing after the application of all the property of the corporation to the payment of its debts.   *   *   * But if, under any circumstances, the action could be maintained in this jurisdiction, it must be in such a form and by such modes of procedure as like liabilities created under our own statutes are enforced against our own citizens. There is no reason why the plaintiff should be permitted to enforce his debt in this jurisdiction against a citizen of this state in a form of action different from that which a creditor of a domestic corporation may prosecute against a domestic stockholder. It is quite well established that in a case like this an action at law by a single creditor against a single stockholder for the recovery of a specific sum of money cannot be maintained in our courts under our statutes declaring the liability of stockholders. In such cases, the liability must be enforced in equity in a suit brought by or in behalf of all the creditors against all the stockholders, wherein the amount of the liability and all the equities can be ascertained and adjusted. The stockholders of this Kansas bank are not equitably liable for any greater sum than may be necessary to discharge the debts after the corporate property has been applied. All of them that are solvent should contribute in proportion to the amount of their holdings of stock. We are not informed by the complaint how many stockholders there are, or even the amount of the capital stock. Nor are we informed whether any of the stockholders are insolvent. It is quite evident, therefore, that the equitable proportion of the corporate debts which this defendant should pay cannot be ascertained or determined in this action. The liability of the stockholders is a fund to which all the creditors are entitled to resort after the corporate property has been applied upon the debts. If this action can be maintained, it is quite apparent that one creditor may collect his debt in full and another creditor may not be paid anything, except what he is able to collect from the corporation. The statutes upon which this action is based provide, among other things, that, when judgment is obtained against a stockholder and it is satisfied by collection or payment, he may, in turn, maintain an action against all the other stockholders, who are such at the time of dissolution, for the recovery of the portion of the debt for which they were liable, and, if any stockholder thus sued shall not have property enough to satisfy his portion of the claim, the deficiency shall be divided equally among the remaining stockholders and collected accordingly. It is quite apparent that the purpose of the law cannot be carried out, except by a proceeding in equity for an accounting to which all the stockholders are made parties. If the plaintiff can maintain this action and collect his debt from the defendant, how can the defendant proceed against his fellow stockholders to reimburse himself for that part of the debt which they should have paid? It would be manifestly unjust and unfair to compel him to pay this claim and turn him over to another action, perhaps in another state, or in many states, in order to obtain the contribution which the law evidently contemplates. All these questions should be settled in one proceeding, or in one action, and that at the domicile of the corporation. The statute contemplates that each stockholder shall pay his just proportion of any sum that may be required to discharge the outstanding obligations of the corporation. The form of the action should be one therefore adapted to the protection of all. A suit at law by one creditor to recover for himself alone is entirely inconsistent with any idea of contribution. The liability is not to any individual creditor, but for contribution to the fund out of which all creditors are to be paid

alike. Hence the appropriate remedy is by suit in equity to enforce the contribution and not by one creditor alone to appropriate to his own use that which belongs to others equally with himself. Auburn Nat. Bank v. Dillingham [147 N. Y. 603, 42 N. E. 338], supra; Terry v. Little, 101 U. S. 216 [25 L. Ed. 864]; Hornor v. Henning, 93 U. S. 228 [23 L. Ed. 879]."

For other cases in a degree bearing on the question before the court, and sustaining the views in Marshall v. Sherman, see the cases of Auburn National Bank v. Dillingham, 147 N. Y. 603, 42 N. E. 338; Stoddard v. Lum, 159 N. Y. 265, 273, 53 N. E. 1108, 45 L. R. A. 551, 70 Am. St. Rep. 541; Howarth v. Angle, 162 N. Y. 179, 188, 56 N. E. 489, 47 L. R. A. 725; Gause v. Boldt, 49 Misc. Rep. 340, 99 N. Y. Supp. 442.

We may therefore deem it settled that the highest court of this state has established by its decisions that the only proper action for enforcing the liability of stockholders in a bank or trust company is one of an equitable nature, such as is outlined by the court in Marshall v. Sherman, 148 N. Y. 9, 42 N. E. 419, 34 L. R. A. 757, 51 Am. St. Rep. 654.

[3] This is practically conceded by the respondent's counsel to have been the law prior to the passage of the amendment of 1908 (Laws 1908, c. 143, § 3), wherein it is provided the superintendent of banks, after taking possession of a corporation, may, "if necessary to pay the debts of such corporation, enforce the individual liability of stockholders."

It is, however, contended by the learned counsel for the respondent that by this amendment the Legislature undertook to provide an entirely new method of enforcing stockholders' liability, and created a system of practice conforming to that prevailing in the United States courts for the enforcement of the liability of stockholders of national banks, and that under the amendment in question the superintendent may now maintain a common-law action against each individual stockholder. We are not prepared to accept this view of the case. It is true the statute gives the superintendent of banks the right to enforce the stockholders' liability under certain conditions. The statute does not make the enforcement of such liability mandatory on the superintendent. It does not deprive the creditor of the right to enforce such liability on behalf of himself and other creditors of the corporation.

[4] In the case of banks where a permanent receiver has been appointed and the corporation has been dissolved, actions or proceedings to enforce the liability of stockholders are to be prosecuted only in the name and on behalf of the receiver, unless the receiver refuses to take such action. Section 71 of the banking law (Consol. Laws 1909, c. 2). This provision of section 71 appears, however, to apply only to banks, and not to trust companies, and then only where a permanent receiver has been appointed and is acting. There is nothing, however, in section 19 of the banking law conferring on the superintendent of banks the right to enforce the individual liability of stockholders which empowers him to maintain an action different in form and character from that prescribed by the previous decisions and holdings of the courts of this state, as the proper and only remedy.

As we have already shown, the courts have held that an action in

equity in which all stockholders are parties defendant, and, where the rights and equities of all stockholders and creditors can be ascertained, is the only remedy permissible under the law. Marshall v. Sherman, 148 N. Y. 22, 42 N. E. 419, 34 L. R. A. 757, 51 Am. St. Rep. 654. The liability of the stockholder is not to any individual creditor, but for contribution to a fund, out of which all creditors are to be paid alike. Can it be fairly claimed it was the purpose and intent of the Legislature to abrogate these holdings of the courts by a provision simply giving the right to the superintendent of banks, if necessary, to enforce stockholders' liability? If it had been the intention of the Legislature to accomplish this result, would it not have said so in so many words, and clearly manifested such purpose by appropriate language?

In the case of Davis v. Supreme Lodge, Knights of Honor, 165 N. Y. 159, 166, 58 N. E. 891, 893, the court said:

"All new laws are supposed to be enacted with knowledge on the part of the lawmakers of the existence and scope of the old laws, and hence it is reasonable to conclude that there was no intention in enacting the new law to repeal or change the old law, unless express words to that effect are used, or unless the new law, after every reasonable construction, is in terms so repugnant to the old that both cannot operate or be given any effect, or where the last enactment manifestly covers the whole subject, in which case the prior law must be deemed to be repealed or so modified by the subsequent enactment as to give room for the operation of both and to assign an appropriate office to each, or unless the repugnancy between the two enactments is not only irreconcilable, but also clear and convincing, and following necessarily from the language used. There is no implication of a repeal of the prior law, unless the later act embraces the subject-matter of the earlier, or unless the reason for the earlier act is beyond peradventure removed. Therefore every effort must be used to make all acts stand, and, if by any reasonable construction they can be reconciled, the later act will not operate as a repeal of the earlier. * * * The leaning of the courts is so strong against repealing the positive provisions of a former statute by construction as almost to establish the doctrine of no repeal by implication."

In Bush v. D. L. & W. R. R. Co., 166 N. Y. 210, 219, 59 N. E. 838, 841, the court said:

"The intention to repeal a statute by implication will not be presumed, nor the effect of repeal be admitted, unless an unavoidable inconsistency in the statutes exists, and then only to the extent of the repugnancy between them. Nor is one statute to be considered as repugnant to another unless they relate to the same subject and are enacted for the same purpose."

In Matter of Tiffany, 179 N. Y. 455, 457, 72 N. E. 512, it again said:

"The repeal of a statute by implication is not favored by law, for, when the Legislature intends to repeal an act, it usually says so expressly, as it did when enacting the civil service law, by which 17 statutes were repealed by express mention. Section 29 [Laws 1899, c. 370]. When, however, two statutes are so hostile that both cannot stand, or the later covers the entire ground of the earlier, or is obviously intended as a substitute therefor, the last enactment of necessity governs, for it is presumed to express the last intention of the lawmakers. In order to have this effect, the repugnancy must be so palpable that upon reading the two acts together it is obvious, without the aid of elaborate argument, that both could not have been intended to remain in force at the same time. If by any fair construction, whether strict or liberal, a reasonable field of operation can be found for both acts, that con-

struction should be adopted. In other words, if the old and the new law by any reasonable interpretation can stand together, there is no repeal by implication."

While the subject now under consideration relates not to a statute, but rather to the interpretation and construction of certain statutes and the holdings of the courts prescribing the proper methods of procedure touching the nature of the action to be maintained against stockholders, we nevertheless are of the opinion that the same rules of construction should be applied in determining whether it was the purpose of the Legislature to abrogate the rule requiring an equity suit against all stockholders instead of single common-law actions against a single stockholder.

The same reasons exist why the action should be of an equitable character whether the action be prosecuted by a single creditor in his own behalf and in behalf of others similarly situated, or whether the superintendent of banks prosecutes the action in his representative character for the benefit of creditors. The nature of the action and the results to be attained remain the same, and the same general rules of procedure as to the character of the action should be maintained, save in so far as the new statute has expressly or by necessary implication changed them.

[5] It is further contended by the appellant that an action against a stockholder cannot be maintained until a judgment against the corporation has been obtained and an execution thereon has been returned unsatisfied in whole or in part, as prescribed by the provisions of section 59 of the stock corporation law (Consol. Laws 1909, c. 59), limiting the liability of stockholders. Previous to the enactment of section 19 of the banking law of the state in its present form, it was held that the limitations of section 55 (now section 59) of the stock corporation law should be read into the statute fixing the liability of a stockholder in banks. Hirshfeld v. Bopp, 145 N. Y. 84, 39 N. E. 817; Barnes v. Arnold, 45 App. Div. 314, 61 N. Y. Supp. 85, affirmed 169 N. Y. 611, 62 N. E. 1093; Mahoney v. Bernhard, 45 App. Div. 499, 63 N. Y. Supp. 642, affirmed 169 N. Y. 589, 62 N. E. 1097; Gause v. Boldt, 49 Misc. Rep. 340, 99 N. Y. Supp. 442, affirmed 115 App. Div. 897, 100 N. Y. Supp. 1117, and 188 N. Y. 546, 80 N. E. 566.

As was held in the case of Gause v. Boldt, where an insolvent trust company had not yet been dissolved and was subject to suit, it was necessary for the plaintiff, who was a creditor, to first obtain a judgment upon his claim against it before bringing an action against its stockholders to enforce any liability on account of such claim. The respondent contends that this provision of section 59 of the stock corporation law is entirely inapplicable to cases where the superintendent of banks brings an action to enforce the statutory liability of stockholders in a bank or trust company, and the statute as amended in its scope and purposes does away with the necessity of obtaining a judgment against the corporation as a condition precedent to the action against stockholders. In this view the court concurs.

It is difficult to see upon what theory the superintendent of banks could maintain an action or actions against the corporation in order to

comply with the provisions of section 59 of the stock corporation law. The superintendent of banks is not the owner of the claims or the debts against the corporation. The creditors are the owners of such demands. By taking possession of the assets and business of a bank or trust company, the superintendent is not vested in law with the control of the demands of creditors. They may still sue the bank, for its corporate existence is not terminated by the act of the superintendent in taking possession for purposes of liquidation. No demands against a bank or trust company are transferred to the superintendent. He has no standing to prosecute them against the corporation. What judgment could be rendered in his favor against the bank in favor of creditors on their demands? And, if it were possible for such a judgment to be rendered, how would he satisfy it on execution, when he has in his own possession and control, for the purposes of liquidation, all the assets and property of the bank itself? It clearly was not the purpose and intent of the Legislature to impose any such condition as the appellant contends for, where an action to enforce the stockholders' liability is brought by the superintendent of banks under the provisions of section 19 of the banking act. We are rather of the opinion that the Legislature had in mind to confer upon the bank superintendent substantially the same powers as are given the receivers of insolvent banks under section 71 of the banking law, where manifestly no judgment in the first instance against the corporation is required.

Summing up our conclusions, we hold that the complaint and evidence in the case were insufficient to make out a case against the defendant; that the only appropriate form of action against stockholders to enforce their statutory liability is one in equity where all stockholders are parties defendant; and, third, that, where the superintendent of banks seeks to enforce that liability, a judgment against the corporation and the return of an execution unsatisfied is not a condition precedent to the maintenance of the action.

These views require the reversal of the judgment appealed from.

Judgment reversed and new trial granted, costs to abide the event. HIRSCHBERG, THOMAS, and CARR, JJ., concur. BURR, J., concurs in result upon the first ground stated in the opinion.