ent and order affirmed, with costs. Order ed.

═══════

VAN KIRK, Respondent, v. FIRST SOCIE-Y OF METHODIST EPISCOPAL CHURCH F GENEVA, Appellant. (Supreme Court, ppellate Division, Fourth Department. Octo-r 2, 1912.) Action by Martin L. Van Kirk ainst the First Society of Methodist Episco-l Church of Geneva. No opinion. Motion dismiss appeal denied, with $10 costs.

═══════

VAN TUYL. Superintendent of Banks, v. CHARMANN et al. (Supreme Court, Appel-te Division, Second Department. Novem-r 1, 1912.) Appeal from Special Term, Kings unty. Action by George C. Van Tuyl, Jr., Superintendent of Banks, against August Scharmann and others. From an order erruling a demurrer to the complaint, de-ndants appeal. Affirmed. Almet Reed Lat-n, of New York City (Ward W. Pickard, of ew York City, on the brief), for appellants. Cady Herrick, of New York City (Frank M. tterson, of New York City, on the brief), r respondent.
PER CURIAM. We think that the decision the learned Special Term, overruling the de-urrer to this complaint, was proper. The ief points of attack made upon the complaint ve already been discussed by this court in heney v. Scharmann, 145 App. Div. 456, 129 . Y. Supp. 993, and we see no present reason r departing from the conclusion then reached the court, which was adverse to the conten-ons now made by the appellants in this ac-on. The point of the demurrer as to the de-ct of parties defendant was not involved in r discussed in the decision referred to, but e agree with the learned Special Term that e Lafayette Trust Company was not a nec-ssary party to the maintenance of this action equity, although it was a proper party, and ay be brought in at any time before the trial the action. The order overruling the de-urrer is affirmed, with $10 costs and disburse-ents, but with leave to the defendants to an-er within 20 days, on payment of the costs d disbursements of this appeal, together with e costs awarded in the order appealed from.

═══════

VAN WICKLEN, Respondent, v. VAN ICKLEN, Appellant. (Supreme Court, Ap-ellate Division, Second Department. Septem-r 10, 1912.) Action by David S. Van Wick-n against Elizabeth Van Wicklen. No opin-n. Judgment and order affirmed, with costs. ee, also, 142 App. Div. 507, 127 N. Y. Supp. 5.

═══════

VINCENT, Appellant, v. PAYNE et al., espondents. (Supreme Court, Appellate Divi-ion, Second Department. October 4, 1912.) ction by John Vincent against Albert E. ayne, as executor, etc., and others. No opin-n. Judgment modified, by striking out the

words "on the merits," and, as so modified, affirmed, without costs.

═══════

VOGELL, Appellant, v. ROSENTHAL, Respondent. (Supreme Court, Appellate Division, First Department. October 25, 1912.) Action by William H. Vogell against Sadie B. Rosenthal. N. D. Stern, of New York City, for appellant. B. N. Cardozo, of New York City, for respondent. No opinion. Judgment and order affirmed, with costs. Order filed.

═══════

In re WALDRON'S WILL. (Supreme Court, Appellate Division, Second Department. September 10, 1912.) In the matter of the probate of the last will and testament of Mary A. Waldron, deceased.
PER CURIAM. Decree of the Surrogate's Court of Kings County (133 N. Y. Supp. 1104) reversed, upon questions of fact, with costs to the finally successful party, payable from the estate, and a trial of the following issues of fact directed to be had, as provided by section 2588 of the Code of Civil Procedure, by a jury at the November term of the Supreme Court in the county of Kings, viz.: (1) Is the signature attached to the alleged will the genuine signature of the deceased, Mary A. Waldron? (2) Was such alleged will executed as required by law? (3) Was the execution of the alleged will procured by fraud or undue influence practiced upon the testatrix?

═══════

In re WALDRON'S WILL. (Supreme Court, Appellate Division, Second Department. October 18, 1912.) In the matter of the probate of the last will and testament of Mary A. Waldron, deceased. No opinion. Motion for resettlement of order of reversal denied, with $10 costs. See, also, 137 N. Y. Supp. 1147.

═══════

WALLER, Appellant, v. SCHRATWEISER FIREPROOF CONST. CO., Respondent. (Supreme Court, Appellate Division, Second Department. September 10, 1912.) Action by Arthur Waller, an infant, by Charles Johnson, his guardian ad litem, against the Schratweiser Fireproof Construction Company.
PER CURIAM. Judgment and order affirmed, with costs.
THOMAS and CARR, JJ., dissent.

═══════

WALSH, Respondent, v. BROOKLYN, Q. C. & S. R. CO., Appellant. (Supreme Court, Appellate Division, Second Department. November 15, 1912.) Action by Edmund J. Walsh against the Brooklyn, Queens County & Suburban Railroad Company.
PER CURIAM. Judgment and order of the County Court of Queens County reversed, and new trial ordered, costs to abide the event, for errors in the charge with reference to the ringing of the bell and Judge Cragen's statement, at folios 311, 320, and 321.
HIRSCHBERG, J., dissents.

═══════

In re WARD et al. (Supreme Court, Appellate Division, Second Department. October 18, 1912.) In the matter of the application of Rob-