(80 Misc. Rep. 360.)

VAN TUYL, State Bank Superintendent, v. ROBIN et al.

(Supreme Court, Special Term, New York County. April, 1913.)

1. CONSTITUTIONAL LAW (§ 48*)—VALIDITY OF STATUTE—DETERMINATION.

The Special Term of the Supreme Court will not declare an act of the Legislature unconstitutional unless the violation is plain and patent upon the face of the statute.

[Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. §‚46; Dec. Dig. § 48.*]

2. BANKS AND BANKING (§ 49*)—SUPERINTENDENT OF BANKS—RIGHT TO SUE STOCKHOLDERS.

The superintendent of banks may sue to compel stockholders to contribute to a deficiency of assets, in order to perform his duties under Banking Law (Consol. Laws 1909, c. 2) § 19, as amended by Laws 1910, c. 452, providing that he shall collect all the debts and accounts of an insolvent bank and, "if necessary to pay the debts of such corporation, enforce the individual liability of the stockholders," though there has been no dissolution and no receiver appointed.

[Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. §§ 71–81½, 513, 534, 535; Dec. Dig. § 49.*]

3. BANKS AND BANKING (§ 48*)—STOCKHOLDERS—LIABILITY.

Stockholders of an insolvent bank who, though they had disposed of their stock, failed to have it transferred upon the books of the corporation, were liable as stockholders to its creditors.

[Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. §§ 69, 70; Dec. Dig. § 48.*]

4. BANKS AND BANKING (§ 48*)—BANKING—LIABILITY OF STOCKHOLDERS.

Where the stockholders of an insolvent bank had sold their stock more than two years before action was brought against them, but had failed to have their stock transferred upon the books of the corporation, they did not cease to be stockholders; and hence the statute of limitations did not run as to the cause of action against them.

[Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. §§ 69, 70; Dec. Dig. § 48.*]

5. PLEADING (§ 204*)—DEMURRER TO ANSWER—REPETITION.

Where the answer of defendants, setting up demurrable affirmative defenses, repeated the general and specific denials, and plaintiff did not move to have such repetitions stricken out, he could not on demurrer raise the question of the sufficiency of the new matter contained in the affirmative defenses.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 486–490; Dec. Dig. § 204.*]

6. BANKS AND BANKING (§ 47*)—LIABILITY OF STOCKHOLDERS—DEFENSES.

In an action to enforce the individual liability of the stockholders of an insolvent bank, it was a good defense that the stock standing in the names of defendants on the stock books of the bank was held by them merely as collateral security; the stock book being only presumptive evidence of title in defendants and subject to rebuttal, since it is always

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

competent to show that an instrument absolute on its face was intended only as security.

[Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. §§ 62, 64–68, 341; Dec. Dig. § 47.*]

7. BANKS AND BANKING (§ 47*)—LIABILITY OF STOCKHOLDERS—DEFENSES.

In an action to enforce the individual liability of stockholders of an insolvent bank, it was no defense that the bank became insolvent through the negligence and misfeasance of its directors.

[Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. §§ 62, 64–68, 341; Dec. Dig. § 47.*]

8. BANKS AND BANKING (§ 49*)—LIABILITY OF STOCKHOLDERS—DEFENSES.

In an action to enforce the individual liability of a stockholder of an insolvent bank, an answer, which practically admitted that the stock standing in defendant's name was transferred to him with his knowledge for a purpose to which he consented, presented no defense.

[Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. §§ 71–81½, 513, 534, 535; Dec. Dig. § 49.*]

Action by George C. Van Tuyl, Jr., Superintendent of Banks of the State of New York, against Joseph G. Robin and others. Demurrers disposed of.

Breed, Abbott & Morgan, of New York City (Henry H. Abbott and Edward A. Craighill, Jr., both of New York City, of counsel), for plaintiff.

James, Schell & Elkus, of New York City (Joseph M. Proskauer and Wesley S. Sawyer, both of New York City, of counsel), for defendant Hall.

House, Grossman & Vorhaus, of New York City (Moses H. Grossman and Gerald B. Rosenheim, both of New York City, of counsel), for defendant Baer.

Daniel Seymour, of New York City (George W. Carr, of New York City, of counsel), for defendant D. Seymour.

Rose & Putzel, of New York City (Benjamin G. Paskus and Jacob Scholer, both of New York City, of counsel), for defendant Price.

Wing & Russell, of New York City, for defendant Jesup.

Edward M. Grout and Paul Grout, both of New York City, for defendant People's Surety Company of New York.

George W. Carr, of New York City, for defendant N. Seymour.

Jerome H. Buck, of New York City, for defendant Ehrich.

Henry K. Heyman, of New York City, for defendant Tracy.

Eugene Cohn and Julius Levy, both of New York City (Eugene Cohn, of New York City, of counsel), for defendant Haebler.

White & Case, of New York City (Joseph M. Hartfield, of New York City, of counsel), for defendant McCabe.

Charles L. Hoffman, of New York City, pro se.

Clarence Kimball, of New York City (A. Delos Kneeland, of New York City, of counsel), for defendant Lyle.

Wellman, Gooch & Smyth, of New York City, for defendant Mills.

Owen C. Becker, of Oneonta, for defendant Keyes.

WHITAKER, J. This is an action brought by the superintendent of banks to ascertain the existing assets and liabilities of the North-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ern Bank of New York, to determine the deficiency of assets, if any, and to compel the stockholders to contribute to such deficiency according to the number of shares of stock held by each. The plaintiff is presumed to have joined all the stockholders of record as defendants. The defendant Ferdinand Hall and others demur to the sufficiency of the complaint: First, upon the ground of insufficiency of facts alleged; second, that plaintiff has not the legal capacity to sue; third, that the act which attempts to make stockholders liable violates the Constitution of the United States and the Constitution of the state of New York.

[1] The third ground is overruled without discussion, inasmuch as section 7 of article 8 of the Constitution of the state of New York specially provides that stockholders of banks shall be liable to creditors; moveover, the Special Term will not declare an act of the Legislature unconstitutional unless the violation is plain and patent upon the face of the statute. The first and second grounds of demurrer will be considered in the inverse order in which they are stated, inasmuch as the solution of the first largely depends upon the disposition of the second. The specific grounds of the second ground of the demurrer are that:

"The plaintiff has not legal capacity to sue in that the alleged cause of action described in the complaint is not vested in the plaintiff and that the said alleged cause of action, if any, is in persons other than the plaintiff, and in that there are no provisions in the statutes of the state of New York vesting the said alleged cause of action in the plaintiff."

[2] There are certain fundamental principles applicable to the case: First, the liability of stockholders to the creditors of an insolvent bank has been recognized both by the Constitution and statutes of the state since 1846; second, the only persons who have any property interest in a banking corporation are the creditors and the stockholders, and the liability of the stockholder upon his stock is for the benefit of the creditors. Admitting the liability of the stockholder for the benefit of the creditor, it is entirely immaterial to the stockholder from an equitable point of view whether his liability is enforced by a creditor, a receiver, or the superintendent of banks. It will not cost him any more, and possibly not as much, to discharge his liability to or through the superintendent of banks, as it would through a receiver or at the suit of a creditor or receiver. Therefore the payment to the superintendent of banks, either voluntary or by an action, would afford him protection from paying over again. There can be no doubt of the right of the superintendent of banks to receive and distribute the money. The demurrer upon this ground, therefore, is technical and does not commend itself. This liability of the stockholders being solely for the benefit of the creditors, when once discharged and the moneys arising therefrom having been applied as the law directs, whether the same was applied through the superintendent of banks, a receiver, or voluntarily by the stockholders themselves, the stockholders could not be called upon to pay again at the suit of any person. With these general principles in view, I do not think that the demurrer should be sustained, unless it is plain that the statute does not authorize the action.

There have been constitutional provisions and statutes providing for the liability of stockholders of banks. Const. 1846, art. 8, § 7; Const. 1894, art. 8, § 7; Laws 1849, c. 226. As to the method of enforcing the liability, there have been statutes passed from time to time, and it would not serve any purpose to set them forth in detail. I might perhaps mention section 71 of the Banking Law in passing, upon which defendant places much reliance and which applies only where the corporation has been dissolved and a permanent receiver has been appointed. In the case at bar there has been no dissolution and there is no receiver. The latest expression of the Legislature upon the question is section 19 of the Banking Law, as amended by the Laws of 1910, c. 452. This section is in conformity with a comparatively new and improved system of taking charge of insolvent banks and winding up their affairs. It was the intention of the Legislature to simplify the method. This section provides that the superintendent of banks shall collect all the debts and accounts of the bank, and may "if necessary to pay the debts of such corporation enforce the individual liability of the stockholders." This provision must have some meaning and there is only one way for the superintendent of banks to enforce this liability, and that is by an action. I am of the opinion, therefore, that the right of the superintendent of banks to prosecute this action is not only founded upon reason, but is sustained by authority, and that the facts stated in the complaint are sufficient. Van Tuyl v. Scharmann, N. Y. Law J., June 26, 1912, opinion by Crane, J., affirmed in 153 App. Div. 902, 137 N. Y. Supp. 1147; Cheney v. Scharmann, 145 App. Div. 456, 129 N. Y. Supp. 993. It follows that the demurrers to the complaint by the defendants Ferdinand Hall, Abe Baer, and Daniel Seymour must be overruled, with costs.

There are also several affirmative and separate defenses set up by the various defendants to which the plaintiff has demurred. Some of these defenses allege that the respective defendants had sold and delivered the shares of stock owned by them, some at auction, some otherwise; that the stock certificates, duly indorsed and assigned, had been delivered to the respective vendees, and that powers of attorney to transfer the stock had been given to the purchasers, and that in some instances the shares so sold had been delivered to the defendant bank, and should have been transferred upon the stock books of the defendant bank; that the sales were made in good faith for value to citizens of the state of full age; that at the time they were made the defendant bank was solvent; and that in many instances they were made more than two years before the commencement of the present action. Some of these affirmative defenses are preceded by general or specific denials of the allegations of the complaint, and in some of the answers setting up affirmative defenses the previous general or specific denials are incorporated and made part of the affirmative defenses. An examination of the statutes and decisions forces the conclusion that none of these affirmative defenses of themselves are sufficient in law.

The Constitution of 1894 (section 7 of article 8) makes all stockholders in a banking corporation individually responsible, to the

amount of their respective shares, for all its debts and liabilities of every kind. This provision is not self-executing, but establishes the liability of stockholders of banks to the amount of their stock as part of the organic law of the state, making it the duty of the lawmaking power to enact such laws as it in its wisdom should deem proper for the purpose of effectually enforcing the liability. In pursuance of this duty the Legislature has enacted the various sections of the statutes heretofore referred to. Section 2 of the Banking Law, as amended, Laws of 1910, c. 126 (which seems to have been overlooked), provides as follows:

"The term 'stockholder,' when used in this chapter, shall apply not only to such persons *as appear by the books* of the corporation to be stockholders, but also to every owner of stock, legal or equitable, although the same may be on such books in the name of another person, but not to a person who may hold the stock as collateral for security for the payment of a debt."

Whenever, therefore, the word "stockholder" is used in subsequent sections, it means both stockholders of record and those with an equitable or legal title to such stock. Section 71 of the Banking Law provides that:

"The stockholders of every such corporation shall be individually responsible, equally and ratably, * * * for all * * * debts * * * of such corporation, to the extent of the amount of their stock therein. * * *"

[3] It will be observed by reading section 71 with section 2 that it applies to those persons who appear *by the books* of the corporation to be stockholders; and by section 72 it is made plain how a stockholder as defined by section 2 may escape liability, viz., by *transferring* his stock *on the books of the bank* while the bank is solvent to a resident of this state of full age previous to any default in the payment of any debt or liability of the corporation. Mr. Justice Robson, in the case hereinafter cited, evidently construed section 32 of the Stock Corporation Law (Consol. Laws 1909, c. 59) as applicable to banking corporations. If it is applicable, it simply strengthens my conclusion that the record stockholder is liable, even though he has sold his stock. I think, however, without resorting to said section 32, that the defendants who have failed to have their stock transferred upon the books of the defendant are liable. Wheeler v. Werner, 140 App. Div. 695, 125 N. Y. Supp. 637.

[4] The allegations in the affirmative answers setting up the two years' limitation do not constitute a defense under the statutes as I have interpreted them, inasmuch as the defendants have not ceased to be stockholders.

The demurrers to the affirmative defenses in the answers of the defendants Jules S. Ehrich, Joseph E. Tracy, Theodore Haebler, Robert W. Lyle, and De Forest Keyes are sustained, without costs.

. [5] While the affirmative defenses of the defendants David Price and Arthur E. McCabe of themselves are insufficient in law under the above ruling, still the demurrers to such affirmative answers must be and are overruled, without costs, inasmuch as the affirmative answers repeat the general and specific denials, and the plaintiffs should have moved to have such repetitions stricken out, and cannot now raise

the question as to the sufficiency of the new matter contained in the affirmative defenses. Wiener v. Boehm, 126 App. Div. 703, 111 N. Y. Supp. 126.

[6] The answers of the defendants Edward N. Jesup and People's Surety Company of New York set up as affirmative defenses that they hold the stock as collateral security and that they never held it in their own right. Under sections 2 and 71 of the Banking Law and section 58 of the Stock Corporation Law, persons holding stock as collateral security are not liable. The mere fact that the stock stood in their names upon the stock books of the bank does not make them liable. The stock book is presumptive evidence only of the title. It may be rebutted and the character of the ownership shown. It is always competent to show that an instrument absolute upon its face was intended only as a security. McMahon v. Macy, 51 N. Y. 155. The demurrers therefore to affirmative defenses set up in the answers of the defendants Edward N. Jesup and People's Security Company of New York are overruled, without costs.

The questions raised by the demurrer to the first and second "separate" defenses set up by defendant Norman Seymour are disposed of by the conclusions above set forth.

[7] The "affirmative" defense set up in said Seymour's answer is, in substance, that the directors of the defendant bank wasted, misapplied, illegally loaned, and lost the funds of the defendant bank, and that it was through the negligence and misfeasance of the directors that the defendant bank became insolvent. This is clearly no defense. The directors could neither deprive the creditors of their constitutional and statutory rights against the stockholders, nor could they relieve the stockholders of their liabilities under the Constitution and the statutes. The demurrer to the separate and affirmative defenses set up in the answer of defendant Norman Seymour is sustained, without costs.

The demurrer to the "further and distinct defense" of the defendant Charles L. Hoffman is sustained, without costs.

[8] The separate defense of the defendant William H. Mills is clearly insufficient. It practically admits that the stock was transferred to defendant in his name and with his knowledge for a purpose to which he consented. It does not allege that it was transferred to him without his knowledge or consent or authority, or against his wishes. As a matter of fact, the issues which the separate defense attempts to raise can probably be tried under the general denial. The demurrer to such separate defense is sustained, without costs.

Demurrer to separate defense sustained, without costs.