GEORGE C. VAN TUYL, JR., as Superintendent of Banks of the State of New York, Respondent, v. DAVID A. SULLIVAN and Others, Defendants, Impleaded with HENRY F. BIRGEL and Others, Appellants.

Second Department, December 8, 1915.

Banks and banking — action by Superintendent of Banks to enforce statutory liability of stockholders of insolvent banking corporation — constitutional law — parties — pleading — sufficiency of complaint — leave of court to sue — compliance with section 59 of Stock Corporation Law.

Although section 19 of the Banking Law, as amended by chapter 452 of the Laws of 1910, provides that "for the purpose of executing and performing any of the powers and duties hereby conferred upon him, the superintendent may, in the name of the delinquent corporation or individual banker, prosecute and defend any and all suits and other legal proceedings," an action to enforce the statutory liability of the stock-

holders of an insolvent banking corporation may be maintained in the name of the Superintendent of Banks.

The statutes giving the Superintendent of Banks authority to bring such an action are constitutional.

In such an action, the insolvent bank is not a necessary party defendant.

The action may be brought either at law or in equity, depending upon the circumstances.

Complaint in such an action examined, and *held,* to be sufficient in equity.

If a complaint states facts sufficient to justify a recovery either at law or in equity, it is not rendered demurrable by an erroneous prayer for relief.

A complaint in an action by the Superintendent of Banks to enforce the statutory liability of stockholders of an insolvent banking corporation need not show a compliance with section 59 of the Stock Corporation Law limiting the liability of stockholders. If said section is applicable to such an action, it contravenes section 7 of article 8 of the State Constitution.

The Superintendent of Banks need not obtain leave of the court to enforce the statutory liability of stockholders of an insolvent banking corporation.

APPEAL by the defendants, Henry F. Birgel and others, from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Kings.

*William G. Cooke* [*Howard O. Wood* with him on the brief], for the appellants.

*Joseph G. Deane,* for the respondent.

Order overruling demurrers affirmed, with ten dollars costs and disbursements, upon the opinion of Mr. Justice JAYCOX at Special Term.

JENKS, P. J., CARR, STAPLETON, MILLS and PUTNAM, JJ., concurred.

The following is the opinion delivered at Special Term:

JAYCOX, J.:

This action is instituted by the Superintendent of Banks of the State of New York to enforce the statutory liability of the defendants as stockholders of the Union Bank of Brooklyn, an insolvent banking corporation. Some of the defendants have demurred to the complaint. They have interposed a number of separate demurrers. The grounds stated for such demurrers

are: *First.* Because the plaintiff has no legal capacity to sue, for the reason that (a) suit must be in the name of the bank; (b) in general, the statutes attempting to give the Superintendent of Banks power to bring suits of this character are unconstitutional. *Second.* Because the Union Bank is not made a party. *Third.* Because the complaint does not state facts sufficient to constitute a cause of action.

Subdivision (a) of the first ground of demurrer above stated is based upon the amendment to section 19 of the Banking Law (Consol. Laws, chap. 2; Laws of 1909, chap. 10) by chapter 452 of the Laws of 1910, which, among other things, added a provision to said section that: " For the purpose of executing and performing any of the powers and duties hereby conferred upon him, the superintendent may, in the name of the delinquent corporation or individual banker, prosecute and defend any and all suits and other legal proceedings."* Defendants claim under this provision that this action must be instituted in the name of the bank. This contention is based upon the statute above quoted, and also upon two decisions of the Appellate Division. One is *Van Tuyl* v. *New York Real Estate Security Co.* (153 App. Div. 409); the other is *Richardson* v. *Cheney* (146 id. 686). I am of the opinion that these decisions do not apply to the present action. These decisions were rendered in actions relating to property of the insolvent bank. In the first case the cause of action which the Superintendent of Banks endeavored to enforce had belonged to the bank. The bank was still in existence, and there was no reason why the action should not be conducted in the name of the bank. In the second action (*Richardson* v. *Cheney*) the opinion of Mr. Justice LAUGHLIN, as quoted in the brief of some of the defendants, is plainly placed upon the ground " that any action with respect to the property or business of the bank should be brought by or against the corporation." This cause of action does not belong to the bank, never was the property of the bank, and was one that the bank could not enforce. It has been plainly and unequivocally held since the enactment of the statute in question that an action of this character may be

* Now Banking Law (Consol. Laws, chap. 2; Laws of 1914, chap. 369), § 71.— [REP.

maintained in the name of the Superintendent of Banks. (*Van Tuyl* v. *Robin*, 80 Misc. Rep. 360; affd., 160 App. Div. 41.) It will be noted that Mr. Justice LAUGHLIN, whose opinion is quoted by the defendants, concurs in upholding the complaint in *Van Tuyl* v. *Robin*, thereby holding that the Superintendent has capacity to sue upon some causes of action. I think this conclusion is borne out by the decision in *Van Tuyl* v. *Scharmann* (208 N. Y. 53). That action was decided in April, 1913. Chapter 452 of the Laws of 1910 had then been in force for several years. This question was not involved, but it appeared right on the surface. I cannot believe that it was overlooked, or that the court purposely remained silent upon the subject, if it was its opinion that the plaintiff did not have capacity to sue.

The subdivision of this objection designated as (b), I think, is without merit, and has already been passed upon in *Van Tuyl* v. *Robin* (*supra*).

The objection that there is a defect of parties defendant, and that the Union Bank should have been made a party defendant was decided adversely to the demurrants in *Van Tuyl* v. *Scharmann* (208 N. Y. 53, 63), where it is held that the Lafayette Trust Company was not a necessary party to that action, and the court says: "We conclude that while the company may be a proper party defendant, it is not a necessary party."

Under the objection that the complaint does not state facts sufficient to constitute a cause of action, various grounds of objection are raised. *First*, it is urged, under *Cheney* v. *Scharmann* (145 App. Div. 456), that the action must be for an accounting, and not an action at law. I recognize the force of the reasoning in that case, and am convinced that in the situation there presented an action in equity was the proper form of action. I am not convinced, and do not think the court intended to hold, that no situation could arise in which an action at law could not be prosecuted to enforce the liability of the stockholders under the statute. Whether an action at law will lie herein, I think, depends entirely upon the facts pleaded. If the pleader, as in this case, gives the amount of the assets and the amount of the liabilities, and there is such an apparent disparity between them that each stockholder will be required to

pay the full amount of his statutory liability, I can see no good purpose to be served by bringing an action in equity for an accounting.

Some of the arguments presented upon the demurrers are to the effect that this disparity is more apparent than real. That may be true, but I am not called upon to determine that question upon this motion. It may be that the plaintiff will be unable to prove his cause of action as alleged, but I am not concerned with that question. I am only determining whether the facts stated constitute a cause of action. In so far as the statement of the facts necessary to constitute an action for the statutory liability, I am of the opinion that the pleader has alleged facts sufficient. I am also of the opinion that these facts are sufficient to avoid the necessity of an accounting in equity. I have so far discussed this question upon the assumption that defendants' contention that this is an action at law is correct. I am of the opinion that it is not. The ultimate relief sought is the payment by the defendants severally of the amounts for which they are liable under the statute. The court is, however, first required to determine who the stockholders are, the number of shares they severally own — in effect, that the amount of the deficiency may be ascertained and the defendants be adjudged to pay such deficiency equally and ratably.

Even if the prayer for relief is erroneous, the complaint is not rendered demurrable thereby. If the facts alleged in the complaint justify a recovery, either in law or equity, it cannot be held that the demurrer is well taken, although the pleading may be open to correction by motion or otherwise. (*Abbey* v. *Wheeler*, 170 N. Y. 122, 127.)

Another ground of objection is that the complaint does not show a compliance with section 59 of the Stock Corporation Law.(Consol. Laws, chap. 59; Laws of 1909, chap. 61). As to the defendants' claim that under the decision in *Hirshfeld* v. *Bopp* (145 N. Y. 84) it must be shown that the debts constituting the bank's liabilities were payable within two years from the time they were contracted and that the stockholders' liability is limited to these debts, I think this provision of the statute, if it be applicable to this situation, contravenes article 8, section 7, of the Constitution, which provides: "The stock-

holders of every corporation and joint-stock association for banking purposes, shall be individually responsible to the amount of their respective share or shares of stock in any such corporation or association, for all its debts and liabilities of every kind."

The claim that judgment must be recovered and execution returned unsatisfied upon these debts is conclusively answered by the reasoning of Mr. Justice WOODWARD in *Cheney* v. *Scharmann* (145 App. Div. 456).

But one more objection is made, and that is that no leave of court for plaintiff to sue has been obtained. While plaintiff's position is in some aspects analogous to that of a receiver, as was pointed out in *Matter of Union Bank* (204 N. Y. 313), in many other aspects it is essentially different. His powers are statutory, and there is nothing in the statute to indicate that he is required to make application to the court to be permitted to perform the duties which the statute imposes upon him.

Motion for judgment is granted, with ten dollars costs in each instance, with leave to each of said defendants to plead over within twenty days upon payment of such costs.