HENRY BLEECKER, JR., Respondent, *v.* JOHN JOHNSTON et al., Appellants.

It is not the duty of a party to a civil action to call every person as a witness who may give material evidence in his favor, and the mere omission on his part to call a witness who has no other or better knowledge of the matter in dispute than those who are produced and give evidence, is not necessarily so suspicious as to authorize an inference that the testimony of the witness, if he had been produced, would have been adverse to the party.

In an action against co-partners upon an alleged contract of employment, plaintiff and one of the defendants were the only witnesses; their testimony was directly in conflict; the court charged in substance that it was the duty of defendants to produce the other defendant as a witness; and not having done so, that the jury might infer that his evidence would have been prejudicial to them. *Held,* error.

(Argued April 4, 1877; decided April 17, 1877.)

APPEAL from judgment of the General Term of the Court of Common Pleas for the city and county of New York, affirming a judgment in favor of plaintiff entered upon a verdict.

This action was brought for an alleged breach of a contract of employment.

Plaintiff alleged that defendants, who were co-partners, employed him as a clerk for a year, but discharged him without cause before the end of the year. He was the only witness to support his claim. Defendant, John Johnston, was called as a witness, and gave evidence for the defense, which directly conflicted with that of plaintiff. It appeared that the other defendant Charles Johnston, was present at the time of the hiring ; he was not called as a witness. The court charged among other things, as follows :

" I have been requested to comment on the absence of Mr. Charles Johnston. It is the duty of every party, in presenting their case before the jury, to produce every witness who can convey any light to the jury which will aid them in considering the evidence; and when a witness is within reach, and whose evidence could be produced, they have a right to infer that the non-production of the witness is caused by the fact that his evidence would not be beneficial to the party who was bound to produce him."

To which defendants' counsel duly excepted.

*A. J. Vanderpoel,* for the appellants. The court erred in charging that the jury might infer from the defendants' failure to call the other defendant as a witness, that his evidence would have been prejudicial to them. (*Brooks* v. *Stern,* 6 Hun, 516; *Gordon* v. *People,* 33 N. Y., 501; *People* v. *Doyle,* 21 id., 578.)

*De Witt C. Brown,* for the respondent. Plaintiff's evidence was sufficient to establish his case. (1 E. D. S., 73; 51 How. Pr., 380; 14 Abb. Pr. [N. S.], 150.) The charge of the judge as to the producing of witnesses was not erroneous.

(4 Barb., 438; 1 C. & H., notes [3d ed.], 310; 3 Stark. Ev. [5th ed.], 487–8; 1 id., 44; note, 288; C. & H., part 1, pp. 472–3 [3d ed.] ; 1 Greenl. Ev. [12th ed., Red. notes[, chap. 4, § 82, and foot note; 47 N. Y., 282; 1 McC. & Y., 338; 1 Taunt., 12.)

ALLEN, J.    The cause was submitted to the jury as upon a conflict of evidence as to the terms of the hiring of the plaintiff, the only witnesses being the plaintiff and one of the defendants; the other defendant, although in the city at the time of the trial, and present at the hiring, not being present in court or examined as a witness. The judge properly instructed the jury that the affirmative of the issue was with the plaintiff, and that to entitle him to a verdict the evidence should preponderate in his favor.

The omission of the defence to call as witnesses both of the defendants was relied upon as a suspicious circumstance, and as confirmatory of the testimony of the plaintiff, and bringing a doubt upon that of the defendant who gave evidence. The non-attendance of the absent defendant at the trial may have been a proper subject of remark and for consideration by the jury, and if they under all the circumstances thought his absence suspicious, they might take a less favorable view of the testimony on the part of the defence; but this was the extent to which the plaintiff was entitled to any benefit from the circumstance. (*People* v. *Dyle*, 21 N. Y., 578.)    It was not a case for the application of the stringent maxim, "*Omnia presumatur contra spoliatorem.*"    That is applied in its rigor to cases of a tortious destruction or suppression of documents, or other instruments of evidence, or resorting to improper means to get or keep witnesses away from the trial.    If a party by his own tortious act withhold the evidence by which the nature of the case would be made manifest, a presumption to his disadvantage may be indulged by the jury. (Broom's Legal Maxims, 425.)    In *People* v. *McWhorter* (4 Barb., 438), it is said that before the absence of evidence can affect the

accused, it must appear that there is evidence that would elucidate the matter in dispute, and that it is peculiarly within the knowledge of the accused. Mr. Best, in his treatise on Evidence, concurs in the doubt expressed by Sir W. D. EVANS in 2 Evans' Pothier, 337, whether the maxim quoted has not been occasionally carried too far when it is allowed to supercede the necessity of other evidence, instead of being regarded as merely matter of inference in weighing the effect of evidence in its own nature applicable to the subject in dispute. (Best's Ev., 29 [London ed.], 530; see also, per Lord ELDON, *Barker* v. *Ray*, 2 Russ., 72, 73.) The mere non-production of books upon notice has no other legal effect than to admit the other party to prove the contents by parol, except under special circumstances. (1 Greenl. Ev., § 37.) But if a party withholds a document in his possession which would show the precise state of facts, the other testimony will be taken most strongly against him. (*Atty. Gen.* v. *Windsor*, 24 Beavan, 679.) The mere omission of a party to a civil action to call a witness who, at the most, has no other or better knowledge of the matter in dispute than those who are produced and give evidence, is not necessarily suspicious, entitling the adverse party to every presumption to his prejudice.

It was not an omission to produce the best evidence, for all the evidence was the same in degree, and that of the absent defendant would but have been cumulative. It is the privilege of a suitor to call every person as a witness who may give material evidence in his favor, and if he omits to do so, he does it at his peril ; but there is no duty, and an omission to call all that are within reach, does not necessarily imply a fraud or a design to suppress the truth, or to impose a falsehood upon the jury. The instructions of the learned judge in this case were more stringent and decided than the circumstances warranted, and may have affected the result of the trial. He said to the jury, " it is the duty of every party, in prosecuting their case before the jury, to produce every witness who can convey any light to the jury which

will aid them in considering the evidence." The duty intended must have been a legal duty, the neglect of which was a legal wrong to the adverse party, depriving him of a right to which he was fairly entitled, and which he could demand. It placed the defendants in the same category, and subjected them to all the prejudices and inferences of tortious spoliators, and suppressers of documents and other instruments of evidence, and so the jury had a right to understand it. This, followed by the further instruction that " when a witness is within reach, and whose evidence could be produced, the jury have a right to infer that the non-production of the witness is caused by the fact that his evidence would not be beneficial to the party who was bound to produce him," they could scarcely do less than infer that the absent defendant was so absent from design, and would, if called, have corroborated the plaintiff. It was not left to the jury to say whether, under the circumstances, the absence of the defendant was suspicious, so as to authorize an unfavorable inference, but they were told that it was the duty of the defendants to call him, and that the defendants being bound to produce him, his non-production not merely justified a favorable consideration of the evidence for the plaintiff, but that they might infer that his testimony would be adverse to the defendants, thus permitting the jury to give the plaintiff the benefit of the evidence of the unsworn witness, as if he had given evidence in his favor.

The circumstance of the non-production of the absent defendant, although very slight, might have been submitted to the consideration of the jury, but the force of the circumstance should have been left to them, and it was error to charge that the defendants were bound to produce him, and not having done so, the jury might infer that his evidence would have been prejudicial to them. (*Gordon* v. *People*, 33 N. Y., 501.)

For this error the judgment must be reversed, and a new trial granted.

All concur, EARL, J., not voting.

Judgment reversed.