(68 App. Div. 377.)

SUGARMAN v. BRENGEL

(Supreme Court, Appellate Division, Second Department.   January 24, 1902.)

1. CONSTABLES—CONVERSION—EXECUTION SALE—POSTING NOTICES—EXCLUSION OF EVIDENCE—REVERSIBLE ERROR.
    In an action against a constable for conversion of property wrongfully levied upon, wherein defendant testified that he had sold the property at public auction, refusal to allow him to testify whether he had posted notices of the sale was not sufficiently serious error to warrant reversal.

2. SAME — EVIDENCE—NOTICES OF SALE — MARKET VALUE—ASSIGNMENT OF ERROR—RECORD.
    In an action against a constable for conversion of property wrongfully levied upon, the contention on appeal that the lower court erred in refusing to admit evidence of notices of the sale as preliminary to the proof of prices in open market will not be considered, where the record does not show that the purpose of such evidence was preliminary to the offer of such proof.

3. SAME—CONFLICTING CLAIMS OF TITLE—INSTRUCTIONS—INDEFINITENESS.
    In an action against a constable for converting property by levying thereon under an execution against plaintiff's wife, the evidence showed that the constable had made a former levy under the same execution, and that after the first, and before the levy complained of, a third party filed with the constable and the execution creditor a claim to specified chattels, stating that she had been informed that they had been levied on. Held, that an instruction that the claims of plaintiff and such third party were inconsistent, and both could not be true, and, if such third

party's claim was true, plaintiff could not recover, was properly refused, since it assumed that the conflicting claim was made as to the property taken in the second levy, which alone was in controversy, whereas it might have referred to that taken under the first levy.

**4. SAME—CORROBORATING WITNESS—FAILURE TO CALL—PRESUMPTION.**

Where a party fails to call a witness whose testimony might probably corroborate such party's own testimony, although the jury may consider such failure and draw their own inferences therefrom, there is no legal presumption that the testimony of such witness would not be corroborative.

Appeal from trial term, Nassau county.

Action by Joseph Sugarman against Christian Brengel. From a judgment in favor of plaintiff, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and JENKS, JJ.

Joseph Steinert, for appellant.
John F. Brush, for respondent.

JENKS, J. The plaintiff recovered a judgment in an action for conversion against a constable who levied on plaintiff's property on an execution upon a judgment against the wife of the plaintiff. The appellant insists that the trial court erred in certain rulings upon evidence, and certain requests to charge.

The defendant was not permitted to testify whether he had posted a notice of sale after levy, or whether he had posted notices in three conspicuous places of the town. He did testify that he had sold the property levied upon at public auction. Even if the testimony was admissible, its rejection was not an error grave enough to warrant a reversal of the judgment. It is further contended that, as the prices realized were competent evidence of value, such questions, being preliminary to the proof of prices in open market, were admissible. Suffice it to say that the record does not indicate that the purpose of the question was preliminary to the offer of such testimony.

The defendant read in evidence a claim filed with the persons who were plaintiffs in the action in which the execution was issued, whereby Mrs. Freedman stated that she was the owner of certain live stock and farm utensils ·(specifying the same) upon the farm occupied by the plaintiff. The defendant's counsel asked the learned court to charge that the jury must consider the said claim, and the court answered:

"I charged on that upon the evidence. I will simply say this: They must take into consideration all the evidence that has been submitted on that matter."

The defendant's counsel excepted, and then requested a charge—

"That the claims of the plaintiff and Mrs. Freedman to the property in question are inconsistent, and cannot both be true. If the claim of Mrs. Freedman is true, the plaintiff cannot recover."

The court answered, under exception:

"I decline so to charge. That is testimony for the jury to determine."

I find no error. The action was begun in a justice's court, and the pleadings were oral. The plaintiff complained that on or about Feb-

ruary 3, 1900, the defendant converted certain goods and chattels (specifying the same). The execution is dated December 28, 1899. The defendant testifies that he went to the farm of the plaintiff, he thought, on December 28, 1899, and made a levy, and that he made a second levy on or about February 1st, telling the plaintiff that he had not made money enough out of the first sale to satisfy the execution, and that he would have to make another levy, whereupon plaintiff replied that he had nothing more; that defendant had taken everything he owned. But the written claim of Mrs. Freedman, addressed to the judgment creditor and to this defendant, is dated January 10, 1900; and therein, after alleging her ownership of certain specified chattels, she states, "Upon which personal property I have been informed that you have levied under an execution upon a judgment"; thereupon describing the judgment against the wife of the plaintiff. It might, therefore, well be contended that her claim was made as to the chattels seized under the first levy, made in December, 1899, and not those levied upon in February, 1900. But the request assumes that the conflicting claims are made to the ownership of the chattels levied upon in February, 1900, which alone were involved in this action.

The appellant also excepted to the refusal of the learned court to charge:

"If the plaintiff was able to produce a witness to corroborate his evidence in a material respect, and he fails to do so, the presumption of law is that such witness would not corroborate his testimony."

I think that the learned County Judge Seabury was right in his ruling. From the facts that an accessible witness, who might, in the nature of things, corroborate the plaintiff on a material point, was not called, the jury were not bound to infer that the witness would not corroborate the plaintiff. The jury might consider the failure to call such a witness, and their inference might logically follow that the omission was due to the fact that the plaintiff would not be corroborated by the witness, but there is no such presumption which attaches to the mere omission to call a witness who might corroborate. The question is discussed very ably by Allen, J., in Bleecker v. Johnston, 69 N. Y. 309. The cases cited by the learned counsel for the appellant may be discriminated. In Hicks v. Railroad Co., 47 App. Div. 479, 62 N. Y. Supp. 597, the defendant did not call any witness, and gave no explanation of its omission; and the court spoke of an omission to call the motorman, in relation to the question whether there was any effort made to stop the car. In Gordon v. People, 33 N. Y. 501, the prisoner offered no evidence, and the question was as to the ability of the prisoner to show his whereabouts on a certain day, and to account for a large sum of money in his possession. The court said that the absence of evidence, especially when it appeared that it was accessible, created a strong presumption of his guilt, and was a circumstance greatly corroborative of the truth of the evidence of the other side. In Schweir v. Railroad Co., 90 N. Y. 558, the infant plaintiff was injured by a locomotive engine; and the court, in commenting upon the failure to call the engineer, said:

"If the engineer had not the knowledge,—if these inferences were not well founded,—they could have been removed by his testimony. It was not given, and while the omission to call the engineer is not evidence against the defendant of the existence of any fact, it is cause for taking such testimony as is in the case—and which, if untrue, he might have contradicted or explained—most strongly against it. Bleecker v. Johnston, 69 N. Y. 309."

In People v. Hovey, 92 N. Y. 554, the people called the wife of the defendant, who was excluded on the objection of the defendant's counsel; and the court held that the jury would have the right to infer that the evidence would not be favorable to the party who voluntarily excluded her,—citing Gordon v. People, supra. In Cushman v. De Mallie, 46 App. Div. 379, 61 N. Y. Supp. 878, the court said that the failure to call a witness who might have corroborated the defendant might permit the inference that his testimony would not have been favorable to the defendant. None of the authorities cited sustains, then, the contention of the learned counsel that the failure to call a witness whose testimony may corroborate warrants the presumption that the testimony of the witness would not be corroborative. Were this the law, then a party would be compelled to call every witness, however cumula've his testimony might be, at the peril of a direction to the jury that the presumption was that the testimony of the absent witness would not corroborate him. See Bleecker v. Johnston, supra; Chase, Steph. Dig. Ev. p. 220.

Judgment and order affirmed, with costs. All concur.