ANNA E. MINCH, Respondent, *v.* NEW YORK AND QUEENS COUNTY
RAILWAY COMPANY, Appellant.

*Charge in a negligence case that the jury may consider the absence of a physician who
testified on a former trial that he had found nothing indicating that the plaintiff
had been injured.*

Where, on the trial of an action to recover damages for personal injuries sus-
tained by the plaintiff through the alleged negligence of the defendant, the
plaintiff admits, upon cross-examination, that the physician who attended her
immediately after the accident and who was not present at the trial, and whose
absence was not satisfactorily accounted for, had testified on a former trial of
the action that he had found nothing to indicate that the plaintiff had been
injured except what she told him, the defendant is entitled to have the jury
charged that the plaintiff's failure to produce the physician as a witness might
be considered by the jury as a fact bearing on the plaintiff's right to recover
and on the amount of such recovery.

APPEAL by the defendant, the New York and Queens County
Railway Company, from a judgment of the Municipal Court of the
city of New York, borough of Queens, in favor of the plaintiff,
entered on the 6th day of November, 1902, upon the verdict of a
jury for $277.82.

*George F. Hickey* and *William E. Stewart,* for the appellant.

*John J. Trapp,* for the respondent.

WOODWARD, J.:

This is an action to recover damages for injuries alleged to have
been sustained by the plaintiff through the negligence of the defend-
ant. The plaintiff undertook to prove that she was injured through
being thrown to the pavement by the sudden starting of one of the
defendant's cars on which she was a passenger, and from which she
was in the act of alighting. She testified that she was hurt by the
fall, and detailed the character and extent of her injuries.

It appears from the plaintiff's testimony that immediately after
her fall she was attended by a Dr. Goodrich, who treated her for her
injuries and who was still treating her at the time of the trial. Dr.
Goodrich was not present at the trial, and his absence was not ade-
quately accounted for. There is no evidence that he was subpœnaed.
The plaintiff and her counsel stated that they had sent him word to

be at the trial, but neither of them gave any reason for his absence. The plaintiff upon her cross-examination admitted that Dr. Goodrich had testified on a previous occasion that he found nothing to indicate that the plaintiff had been injured, except what she told him. Defendant's counsel: "I take an exception to that portion of your Honor's charge regarding the doctor, and I will ask your honor to charge the jury in view of the admission of the plaintiff that the doctor stated that there were no external marks of injury upon her at the last trial, that the jury may consider his absence at this time owing to the lack of proof that he was subpœnaed to be here this morning." The Court: "There is no evidence before me that he was subpœnaed. As to what he testified on the former trial cannot be considered by this jury." Defendant's counsel: "I do not ask them to consider that. I said in view of that testimony —" The court refused to charge as requested, and the defendant's counsel excepted. We think this was error.

The court was not asked to instruct the jury that the doctor's absence created a presumption that if present he would not corroborate the plaintiff's testimony as to her injuries ; the request was merely that the jury might be directed to *consider* the plaintiff's failure to produce this witness as a fact bearing on the plaintiff's right to a judgment, and on the amount of that judgment. The rule that entitled the defendant to have the jury charged as requested has recently been declared by this court in *Sugarman* v. *Brengel* (68 App. Div. 377), where it is said by Mr. Justice JENKS: "From the facts that an accessible witness who might in the nature of things corroborate the plaintiff on a material point was not called, the jury were not bound to infer that the witness would not corroborate the plaintiff. The jury might consider the failure to call such a witness and their inference might logically follow that the omission was due to the fact that the plaintiff would not be corroborated by the witness, but there is no such presumption which attaches to the mere omission to call a witness who might corroborate." This statement of the rule is deduced from the leading cases on the subject, which are cited and analyzed in the *Sugarman* case. (*Bleecker* v. *Johnston*, 69 N. Y. 309; *Hicks* v. *Nassau Electric R. R. Co.*, 47 App. Div. 479; *Gordon* v. *People*, 33 N. Y. 501; *Schwier* v. *N. Y. C. & H. R. R. R. Co.*, 90 id. 558; *People* v. *Hovey*, 92 id. 554; *Cushman* v.

*De Mallie,* 46 App. Div. 379.) It is approved in *Pronk* v. *Brooklyn Heights R. R. Co.* (68 id. 390). In view of the plaintiff's admission concerning previous statements of Dr. Goodrich as to her injuries, the failure to call him as a witness might be regarded by the jury as sufficient not only to permit but to compel an inference unfavorable to the plaintiff, if they had been allowed to consider the fact. It is clear that the error was prejudicial to the defendant, and the judgment must be reversed and a new trial ordered.

BARTLETT, HIRSCHBERG, JENKS and HOOKER, JJ., concurred.

Judgment of the Municipal Court reversed and new trial ordered, costs to abide the event.