JOHN J. KIRKPATRICK, Appellant, *v.* THE ALLEMANNIA FIRE INSUR-
ANCE COMPANY OF PITTSBURGH, PENNSYLVANIA, Respondent.

*Charge as to the officers of a corporation being interested witnesses — failure of a
party to call a witness — right of the jury to draw inferences therefrom.*

In an action brought by the plaintiff, as assignee of the "Abbey Press," a corpo-
ration, to recover upon a policy of fire insurance issued to such corporation,
the defendant claimed that the fire was incendiary and was the result of a con-
spiracy entered into between Carlos Martyn, Charles F. Rideal and Max Hart,
the two first-mentioned persons being respectively the president and treasurer
of the insured corporation and the owners of practically all of its capital stock.

The court stated in response to requests to charge made at the close of the main
charge, as follows: "In weighing the testimony of Mr. Rideal you may con-
sider that he may be deemed a biased and interested witness and one of the
officers of the Abbey Press charged with conspiracy to defraud the insurance
company;" also, "If the jury find from the testimony that independent
fires were found in the premises of the Abbey Press shortly after the fire
broke out, they may reasonably infer that such fire was started by human
agency and not accidentally."

The court also charged: "The jury has a right to presume that, if the plaintiff
has failed to call witnesses within his control who could testify to facts mate-
rial to those in issue, his testimony, if given, would not have been favorable
to the plaintiff's case," and that "in considering the case the jury may consider
the fact that the plaintiff did not call * * * Carlos Martyn."

*Held*, that the propositions charged by the court did not require the reversal of
a judgment entered upon a verdict in favor of the defendant.

While no presumption arises from the failure of a party to call a witness the
jury may draw such inferences therefrom as they think warranted by the
evidence.

APPEAL by the plaintiff, John J. Kirkpatrick, from a judgment
of the Supreme Court in favor of the defendant, entered in the
office of the clerk of the county of Suffolk on the 30th day of March,
1904, upon the verdict of a jury, and also from an order bearing
date the 15th day of March, 1904, and entered in said clerk's
office, denying the plaintiff's motion for a new trial made upon the
minutes.

*William B. Ellison* [*Arnold L. Davis* with him on the brief],
for the appellant.

*Edgar J. Nathan* [*Michael H. Cardozo* with him on the brief],
for the respondent.

MILLER, J.:

The plaintiff, as assignee, brings this action against the defendant to recover on an insurance policy a loss claimed to have been sustained by a corporation, the "Abbey Press," from fire, and appeals to this court from a judgment in favor of the defendant, entered upon the verdict of a jury.

The only issue litigated was as to the origin of the fire, the defendant claiming that the fire was caused by the insured for the purpose of defrauding the insurance company. The Abbey Press was a corporation of which one Carlos Martyn was president, and Charles F. Rideal was treasurer, the two owning all of the stock except a sufficient amount to qualify a bookkeeper as secretary. The claim of the defendant was that Martyn and Rideal, acting in conspiracy with and through the instrumentality of one Max Hart, had the property insured, and then caused the fire for the purpose of defrauding the insurance companies. The plaintiff insists upon this appeal that there was no evidence either that the fire was of incendiary origin, or that the insured, the Abbey Press, was responsible for it. The court submitted it to the jury to find for the defendant only in case they found that the fire was purposely set, with the knowledge or approval of the officers of the Abbey Press. The jury have found that the fire was of incendiary origin, produced with the knowledge and approval of the officers of the insured, and, after carefully examining the evidence, I am convinced that that finding is fully warranted.

The appellant also insists that errors were committed in the charge, wherein the court stated, "In weighing the testimony of Mr. Rideal you may consider that he may be deemed a biased and interested witness and one of the officers of the Abbey Press charged with conspiracy to defraud the insurance companies;" also, "If the jury find from the testimony that independent fires were found in the premises of the Abbey Press shortly after the fire broke out, they may reasonably infer that such fire was started by human agency and not accidentally." I do not think the court invaded the province of the jury by these statements. Although pointing out to the jury what inference might be drawn from a given state of facts, the language used by the court clearly left it to the jury to draw such inferences as they deemed warranted. It is

to be noted that these statements were made in response to requests of counsel at the close of the charge, after the court had very fully and fairly outlined to the jury the question for them to determine, leaving it entirely to them to find the facts and to draw such inferences therefrom as they might think the evidence warranted.

Exception was also taken to the following : " The jury has a right to presume that, if the plaintiff has failed to call witnesses within his control who could testify to facts material to those in issue, his testimony, if given, would not have been favorable to the plaintiff's case," and that " in considering the case the jury may consider the fact that the plaintiff did not call Max Hart or Carlos Martyn." It will be noted that counsel only excepted to so much of the charge as refers to Martyn, by implication assenting to the correctness of the rule stated, excepting only to its application to said Martyn. I think the exception presents no ground for reversal. It will be noticed that the court did not charge that there was any presumption arising from the failure to call a witness within the control of the party, only charging that the jury had a right to presume, etc., which clearly left it for the jury to draw the inference or not as they saw fit, which I think is the correct rule as indicated by *Bleecker* v. *Johnston* (69 N. Y. 309) and *Sugarman* v. *Brengel* (68 App. Div. 377). The court did not charge that said Max Hart and Carlos Martyn were persons, the failure to call whom gave the jury the right to draw inferences unfavorable to the plaintiff, but clearly, taken as a whole, left it for the jury to say whether they were persons whom the plaintiff could naturally be expected to call, and, if so, whether any unfavorable inference should be drawn from the fact that they were not called. While no presumption arises from the failure to call a witness, I understand that a jury may draw such inferences as they think warranted by the evidence from the failure of either party to call any witness who might reasonably be expected to shed light on the transaction.

I do not think any errors were committed prejudicial to the plaintiff, and the judgment and order appealed from should, therefore, be affirmed, with costs.

HIRSCHBERG, P. J., WOODWARD, JENKS and RICH, JJ., concurred.

Judgment and order affirmed, with costs.