(61 Misc. Rep. 619.)

### FOX v. VALEILLE.

(Supreme Court, Appellate Term. January 7, 1909.)

APPEAL AND ERROR (§ 1064*)—HARMLESS ERROR—INSTRUCTIONS.

   It was prejudicial error to instruct that a presumption that a witness would testify against the party subpœnaing him arises from the party's failure to call him, where plaintiff called a witness, but did not examine him on the merits of the case, and where the evidence was conflicting; the witness being in court and equally accessible to both parties, and not appearing to be more friendly to one than to the other.

   [Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 1064.*]

Appeal from City Court of New York, Trial Term.

Action by Henry E. Fox against Emile Valeille. From a judgment for defendant, plaintiff appeals. Reversed, and new trial ordered.

Argued before GIEGERICH, HENDRICK, and FORD, JJ.

Bennett & Cooley (Elmer E. Cooley and Harold Harper, of counsel), for appellant.

Baker & Hyman (Sol. A. Hyman, of counsel), for respondent.

GIEGERICH, J. Upon the trial the defendant called one Abraham Grossman to the stand, and over the plaintiff's objection was allowed to show that the latter had subpœnaed the witness repeatedly and had him in court. The defendant refrained from asking the witness any question whatever as to his knowledge of the merits of the case, but stopped after showing that the witness had been subpœnaed and that he had talked with the plaintiff and the plaintiff's architect. The learned trial judge added emphasis to the incident by charging the jury as follows:

"You may take into consideration the fact that, if one side has subpœnaed a witness and has failed to call that witness, you can, if he is a witness to a

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

material fact, from that presume that the testimony of that witness would be against the party failing to call or produce that witness."

The jury decided the case against the plaintiff upon a conflict of testimony. In my opinion the charge so made was erroneous (Bleecker v. Johnston, 69 N. Y. 309; People v. Smith, 113 App. Div. 396, 99 N. Y. Supp. 118), and the error so committed was plainly prejudicial to the plaintiff. He was placed before the jury in the position of one who was withholding testimony from them, or who feared to have the truth come out; while in fact there was no more obligation upon the plaintiff than upon the defendant to place the witness upon the stand and find out what, if anything, he knew of the matters in issue. He was there in court, and equally accessible to both sides. It was not shown that he was in the employment or under the control of the plaintiff, or in any way related to or more friendly to the plaintiff than to the defendant.

The judgment should therefore be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.