VINCENT MILIO, as Administrator, etc., of HUGH MILIO, Deceased, Respondent, *v.* RAILWAY MOTOR TRUCKING COMPANY and WILLIAM P. McMANUS, Appellants.

First Department, October 27, 1939.

*Robert H. Charlton,* for the appellants.

*Abraham N. Levy* of counsel [*K. Carl Hartenstein* with him on the brief; *Samuel S. Leibowitz,* attorney], for the respondent.

TOWNLEY, J.   This is an action brought by the administrator of a deceased infant to recover damages for his death. The infant was killed by a truck belonging to the defendant Railway Motor Trucking Company and driven by the defendant McManus.

The deceased infant, according to the evidence, was crossing on the south crosswalk in a westerly direction at West Fifteenth street and Eighth avenue, in the city of New York, when the lights were in his favor. While he was crossing apparently the lights changed. Defendant's truck had been standing at the north crosswalk of Fifteenth street. To some extent what happened thereafter must be

based on inference. We think, however, that the testimony was such that an inference of negligence by the defendants under the circumstances would be warranted. The jury might also reasonably come to a contrary conclusion. The defendants rested at the end of the plaintiff's case and called no witnesses.

After the court had charged, plaintiff's counsel made the following request:

" May I ask your Honor for one request, that you charge the jury that if any witness is available to either the plaintiff or the defendant and those witnesses are not called, the jury may resolve whatever inferences they deem unfavorable from the failure of either plaintiff or the defendant to call such witnesses.

" The Court: The rule is, if a party has within his control a witness and that party fails to call that witness, the jury may infer, although they are not bound to do so, that the testimony of that witness would have been unfavorable to the party failing to call him.

" Mr. Charlton: I ask your Honor to charge the jury in connection with that, that that would have no application where a defendant, as in this case, rested solely upon the plaintiff's case and failed to interpose a defense, as was his legal right.

" The Court: I decline to so charge.

" Mr. Charlton: Then I except, and except to your Honor's charge."

This charge was erroneous. The failure to call a witness within the control of a party may justify giving greater weight to the testimony already in the case, but it never authorizes a jury to speculate as to what the uncalled witness would testify to. This has long been the law in this State. Judge DANFORTH (*Schwier v. New York Cent. & H. R. R. R. Co.*, 90 N. Y. 558, 564) said in discussing a case of negligent injury to a child where there was some evidence that a locomotive engineer had seen the child in a dangerous situation before the train ran over it: " It may be conceded that the evidence upon which the defendant is charged is slight; it is true that it consists partly of inference. But in weighing facts proven, and estimating the value of inferences proper to be drawn from those facts, it is to be borne in mind that the inferences are derived from the conduct of the engineer. In the aspect above presented, it imputes to him knowledge derived from actual observation of the child's approach, of inevitable danger to him, not only from collision in the first instance with the backing tender, but knowledge that he caught the blow from it, and then actual knowledge from observation that the boy was beneath the tender, in a position where the slightest motion might cause his death. If the engineer had not this knowledge — if these inferences were not well founded, they could have been removed by his testimony.

It was not given, and while the omission to call the engineer as a witness is not evidence against the defendant of the existence of any fact, it is cause for taking such testimony as is in the case — and which, if untrue, he might have contradicted or explained — most strongly against it. (*Bleecker* v. *Johnston*, 69 N. Y. 309,)" An examination of that case on appeal shows that the defendant there had also rested at the end of the plaintiff's case. (See, also, *Wylde* v. *Northern R. R. Co. of N. J.*, 53 N. Y. 156; *Galbraith* v. *Busch*, 267 id. 230, and *Johnson* v. *Glenn*, 226 App. Div. 752.)

The rule of law has been well stated by Mr. Justice LAUGHLIN in *Perlman* v. *Shanck* (192 App. Div. 179, 183) as follows: " Where in such a case any inference by the jury at all is warranted from the failure of a party to call a witness, they should be instructed that they may infer that the witness would not have controverted material testimony, which he was in a position to corroborate or controvert, adverse to the party who might reasonably have been expected to call him if the testimony of the witness would have been favorable to him, or would not have corroborated material testimony for the party which he was in a position to corroborate or controvert; and that, therefore, the jury would be warranted in accepting the testimony which was adverse to the party who thus might have controverted it if he could, and in determining the issues, might take such testimony most strongly against such party (*Schwier* v. *N. Y. C. & H. R. R. R. Co.*, 90 N. Y. 558; *Rider* v. *Miller*, 86 id. 507); but there is no presumption of law with respect thereto, and the jury have no right to indulge in any speculation with respect to what the witness, if called, would have testified to. In other words, the case must be decided on the evidence and testimony before the jury."

Under the circumstances of the present case, the plaintiff would have been entitled to an instruction that the evidence might be taken most strongly against the defendants since they could have called the driver of the truck to explain the accident and had failed to do so. This is a far different thing, however, from instructing the jury that since the defendants have not called witnesses, it may be inferred that the non-existent testimony would have been unfavorable to defendants. Regardless of plaintiff's difficulties, he must prove his own case.

The error is substantial and the judgment should be reversed and a new trial ordered, with costs to appellants to abide the event.

MARTIN, P. J., O'MALLEY, DORE and CALLAHAN, JJ., concur.

Judgment unanimously reversed and a new trial ordered, with costs to the appellants to abide the event.