MILTON EPSTEIN, Appellant, *v.* HARRY L. COHEN, Respondent.

First Department, May 17, 1940.

*Alvin C. Cass* of counsel [*Jacques W. Bacal* with him on the brief; *Cass, Bacal & Castaldi*, attorneys], for the appellant.

*James J. McLoughlin* of counsel [*Robert F. White* with him on the brief; *John J. Kirwan*, attorney], for the respondent.

DORE, J. Plaintiff's request that the jury might consider defendant's failure to take the stand on the question of determining whether defendant, if sworn, would contradict plaintiff, was improper in form. (*Milio* v. *Railway Motor Trucking Co.*, 257 App. Div. 641.) Plaintiff's request to charge regarding an alleged conversation with defendant after the accident is an illustration of the improper practice of asking the court to charge on specific items of evidence considered especially favorable to one side. As the court had instructed the jury to consider all the testimony received in evidence that they believed, there was no reason, but the one above mentioned, for a further instruction specifically referring to this single bit of testimony, and accordingly it was not error to deny the request as made though it would have been more accurate to refuse the request except as already charged.

But wholly apart from these considerations, on this record plaintiff wholly failed to establish a *prima facie* case and if the jury brought in a verdict in plaintiff's favor, the court would be obliged to set it aside. As was said in *Galbraith* v. *Busch* (267 N. Y.

230), plaintiff " cannot place upon the defendants the burden of exculpating themselves from the charge of neglect of duty until evidence showing *prima facie* that there is such negligence has been presented."

The judgment appealed from should be affirmed, with costs.

MARTIN, P. J., and CALLAHAN, J., concur; UNTERMYER and COHN, JJ., dissent and vote to reverse and grant a new trial.

UNTERMYER, J. (dissenting). Although the mere occurrence of the accident under the circumstances to which the plaintiff testified did not necessarily raise an inference of negligence (*Galbraith* v. *Busch*, 267 N. Y. 230), the defendant's admissions, to which the plaintiff also testified, supplied that element. It was error for the court to refuse to charge in effect that in determining the weight to be given to the plaintiff's testimony the jury might take into consideration that the defendant, although present in court, had failed to testify in contradiction. (*Schwier* v. *New York Central & H. R. R. R. Co.*, 90 N. Y. 558; *Milio* v. *Railway Motor Trucking Co.*, 257 App. Div. 641; *Perlman* v. *Shanck*, 192 id. 179.) It was also error to refuse to charge that in determining the question of the defendant's negligence the jury might consider the admissions made by the defendant after the accident.

The judgment should be reversed, and a new trial ordered.

COHN, J., concurs.

Judgment affirmed, with costs.