Louis Group, Respondent, *v.* Morgan Szenher, Also Known as Maryan Szenher, Appellant.

First Department, June 19, 1940.

*O. A. Thompson* of counsel [*E. C. Sherwood,* attorney], for the appellant.

*John V. Higgins* of counsel [*Joseph A. Bongiorno* with him on the brief; *Thomas J. O'Neill,* attorney], for the respondent.

Cohn, J. Upon all the evidence the jury had the right to find that defendant was negligent in failing to give plaintiff the right of way at the crosswalk and that the accident occurred solely by reason of the negligence of defendant and without any negligence on the part of plaintiff contributing thereto.

It is claimed that the court erred in charging the jury upon request of plaintiff's counsel that, " since the defendant has failed to call his two daughters who were in the car at the time of the accident and their absence at this trial is unexplained, the jury is

permitted to consider that, if called, their testimony would not be favorable to this defendant." If there was any error in this charge, I think it was adequately corrected by the colloquy which immediately followed: " Defendant's Counsel: I respectfully except and I ask your Honor to charge that there is no evidence in this case that any of those in the back seat of this automobile saw the accident or knew anything about it. The Court: His request was that they consider that. I have not told them that that followed as a matter of course. His request is that they consider their absence. Defendant's Counsel: In that connection, will your Honor charge that there is no evidence that they saw it or knew anything about it? The Court: I do not understand that there is any evidence either way."

Even without the court's instruction, the jury would be permitted to reflect upon the absence of these two witnesses who were related to defendant, and in considering their absence they might find that if called their testimony would not be favorable; or they might, if they chose to do so, find that neither one of them knew anything about the accident, even though riding in the rear seat of the car. Where it appears that a party has failed to call a witness within his control, who it is shown could testify to facts material to the issues, a jury is justified in drawing such unfavorable inferences as they think warranted by the evidence. (*Kirkpatrick* v. *Allemannia Fire Ins. Co.*, 102 App. Div. 327; affd., 184 N. Y. 546; *Bleecker* v. *Johnston*, 69 id. 309; *Perlman* v. *Shanck*, 192 App. Div. 179, 183.)

In *Milio* v. *Railway Motor Trucking Co.* (257 App. Div. 640), the case upon which appellant relies, the defendants rested at the close of plaintiff's case and called no witnesses. The opinion in that case shows that this court was considering the effect of the defendants' failure to call a witness within their control where defendants had rested without offering any testimony. There this court, by TOWNLEY, J., said (at p. 642): " Under the circumstances of the present case, the plaintiff would have been entitled to an instruction that the evidence might be taken most strongly against the defendants since they could have called the driver of the truck to explain the accident and had failed to do so. This is a far different thing, however, from instructing the jury that since the defendants have not called witnesses, it may be inferred that the non-existent testimony would have been unfavorable to defendants. Regardless of plaintiff's difficulties, he must prove his own case."

In *Galbraith* v. *Busch* (267 N. Y. 230, at p. 233) the Court of Appeals said by LEHMAN, J. (now Chief Judge): " In a negligence action the plaintiff always has the burden of showing failure by

the defendant of some duty owing to the plaintiff. That burden can never be shifted to the defendant. Where the plaintiff's evidence is sufficient to justify or require an inference of negligence, then failure of the defendant to rebut such inference by affirmative evidence may result in a judgment against the defendant. *Where a defendant under such circumstances fails to produce relevant evidence within his control, inference may be permissible that such evidence would not be favorable to him.* None the less the duty upon the defendant of going forward and producing evidence to rebut an inference or presumption of negligence cannot arise unless the evidence of the plaintiff justifies such inference or presumption. These general principles are firmly imbedded in our law." (Italics ours.)

In this case, however, defendant did not rest on plaintiff's case but offered affirmative evidence on his own behalf. He himself testified as a witness and called three other witnesses, two of them being his sons, who were passengers in the car. They gave evidence which, if believed, would have justified a finding in favor of defendant. Although no presumption of law attaches to the omission to call a material witness who could corroborate defendant's evidence, the failure to call such a witness may be considered by the jury, and they may infer therefrom that such failure was due to the fact that the witness would not give corroborating testimony. (*Sugarman* v. *Brengel*, 68 App. Div. 377.) In the circumstances of this case, we find no error in the court's charge.

The judgment should, accordingly, be affirmed, with costs.

GLENNON and UNTERMYER, JJ., concur; MARTIN, P. J., and DORE, J., dissent and vote to reverse and grant a new trial.

DORE, J. (dissenting.) Plaintiff came in contact with the rear door of defendant's car at a point above the right rear wheel as the exhibits indicate; no part of the front of the car came in contact with plaintiff. The testimony of plaintiff's witness Engel was very much weakened on cross-examination. The issues as to defendant's negligence and plaintiff's contributory negligence were so close that the error of the court in charging the jury with regard to defendant's failure to call his two daughters should be considered prejudicial. (*Milio* v. *Railway Motor Trucking Co.*, 257 App. Div. 640.) The issues were for the jury but on this record we consider the verdict is against the weight of the credible evidence.

The judgment appealed from should be reversed and a new trial ordered, with costs to abide the event.

MARTIN, P. J., concurs.

Judgment affirmed, with costs.