John J. Masterson, Plaintiff, *v.* Melvin Solomon, Defendant.

Supreme Court, Trial Term, Kings County, March 29, 1948.

*Robert McGowan Smith* for plaintiff.

*Benj. D. Gold* for defendant.

F. E. Johnson, J. One of defendant's grounds for setting aside the verdict is the charge concerning an available witness not called.

Defendant, driving in the late afternoon, struck a pedestrian who was crossing at or near the crosswalk when, the pedestrian said, the light was with him; defendant testified, but said nothing as to the condition of the light at the time; his bystander witness said it was against plaintiff; an apparent friend and fellow worker, who was sitting beside him at the time, had been brought to court by him and sat there during the trial; he was in the courtroom when defendant rested, and plaintiff then called attention to that fact. If, as the defendant said, the two were not talking just before the accident the natural expectation that this man would know about the light, the crosswalk and other details of the accident, caused the plaintiff to request a charge as to inferences from his silence; it was refused. That refusal was based upon deference to language in *Milio* v. *Railway Motor Trucking Co.* (257 App. Div. 640, 641 [1st Dept., 1939]) that failure to call that witness " never authorizes a jury to speculate as to what the uncalled witness would testify to." The charge, as given, was also excepted to by defendant herein.

There the company rested without calling the driver, after the plaintiff's proof " was such that an inference of negligence by the defendants under the circumstances would be warranted "; the court had charged that " if a party has within his control a witness and that party fails to call that witness, the jury may infer, although they are not bound to do so, that

the testimony of that witness would have been unfavorable to the party failing to call him."

In *Galbraith* v. *Busch* (267 N. Y. 230, 233 [1935]), LEHMAN, J., said that after the plaintiff had given proof " to justify or require an inference of negligence " and the defendant " fails to produce relevant evidence within his control, *inference* may be permissible that such evidence would not be favorable to him "; in the dissenting opinion CRANE, Ch. J., said (pp. 236–237): " There is only one conclusion to be drawn from the failure of this defendant to call him [the driver] or to account for his absence, and that is that his testimony would not be favorable to her side of the case "; this point, therefore, was unanimously agreed upon. What was said by the trial justice in *Milio* (*supra*) seems well within the language of both these opinions, but he was reversed; it was held (p. 642) that he should only have said " that the evidence might be taken most strongly against the defendants since they could have called the driver of the truck to explain the accident and had failed to do so "; the opinion ends by barring an instruction " that since the defendants have not called witnesses it may be *inferred* that the non-existent testimony *would have been unfavorable* to defendants." (Italics supplied.)

When, in 1940, the complexion of that court had greatly changed it apparently went back to the *Galbraith* holding (*supra*) and sought (*Group* v. *Szenher*, 260 App. Div. 308) to distinguish *Milio* (*supra*) because there the defendant had rested at the end of plaintiff's case, citing other cases where defendant had so rested (*Bleecker* v. *Johnston*, 69 N. Y. 309; *Schwier* v. *New York Central & H. R. R. R. Co.*, 90 N. Y. 558; *Rider* v. *Miller*, 86 N. Y. 507).

Whatever may now be the rule in that department it was error in this trial not to have adhered to the consistent holding in this department beginning with *Hicks* v. *Nassau Electric R. R. Co.* (47 App. Div. 479, 481), unanimously holding " It is familiar doctrine that the failure of an employer to call a witness who was in his employ at the time of the accident, and is presumed to be friendly and to have some knowledge of the accident, without any attempt to explain the reason of the failure, raises a strong presumption that the testimony of the employee would be damaging to such party " and *Sugarman* v. *Brengel* (68 App. Div. 377, 379, 380, JENKS, J., for a unanimous court), that when the trial judge refused to charge " if the plaintiff was able to produce a witness to corroborate his evidence in a material respect and he fails to do so, the presumption of law

is that such witness would not corroborate his testimony ", he was right in his ruling, and that when " an accessible witness who might in the nature of things corroborate the plaintiff on a material point was not called * * * the jury might consider the failure to call such a witness and their *inference* might logically follow that the omission was due to the fact that the plaintiff would not be corroborated by the witness ". (Italics supplied.) *Sugarman* (*supra*) was cited with unanimous approval in *Neale* v. *Nassau Electric R. R. Co.* (161 App. Div. 95, RICH, J.), *Iaquinto* v. *Bauer* (104 App. Div. 56, JENKS, J.), *Minch* v. *New York & Queens Co. Ry. Co.* (80 App. Div. 324, WOODWARD, J.), *Kirkpatrick* v. *Allemania Fire Ins. Co.* (102 App. Div. 327, MILLER, J.), *Van Wicklen* v. *Van Wicklen* (142 App. Div. 507, CARR, J.), and approved by the First Department in *Group* v. *Szenher* (*supra*).

In *Kirkpatrick* (*supra*) the approved charge was that the jury " has a right to presume that " on the failure of the plaintiff to call a witness " who could testify to facts material to those in issue, his testimony, if given, would not have been favorable to the plaintiff's case ".

The subject was fully discussed in two opinions (GAYNOR and MILLER, JJ.) in *Reehil* v. *Fraas* (129 App. Div. 563); there the failure to call the witness was held not subject to inference solely because he was a *stranger to defendant*. Both writers cite *Sugarman* (*supra*) but differed as to the *status* of the witness; one thought that the boy (riding with the employee-driver, without the knowledge or consent of the defendant owner) was no one whom the owner would be *expected to trust*; the other (p. 569), that the inference against defendant ought not be limited to witnesses " who may naturally be supposed to favor the party ". JENKS, J., agreed with GAYNOR, J., that (like the present case) the inference does arise if the witness is of that class, i.e., *naturally favorable to defendant*. MILLER and WOODWARD, JJ., thought it should be drawn regardless of the friendship of the witness whom defendant brought to court. It is worth noting their holding (p. 566) that a witness is " under * * * control " who is " at hand and subject to a subpoena ". Here failure to call the fellow workman whom defendant produced, was significant because as said in that case " it may be naturally inferred that " he was " of good will to the party," so absence from the stand must be accounted for " to escape the unfavorable inference."

Motion denied.