PAUL BACKAL, Plaintiff, *v.* DOROTHY BACKAL, Defendant.

Supreme Court, Special Term, Kings County, May 31, 1951.

*Abraham Lehman* and *Henry C. Lehman* for defendant.

*Samuel J. Kisseloff* and *Daniel D. Trause* for plaintiff.

F. E. JOHNSON, J. In this divorce action, the defendant neither testified nor appeared in the courtroom, and presented no contradiction, by a witness, to the evidence for the plaintiff. The motion to dismiss is made on the ground that: (1) the plaintiff's proof is not sufficient, and (2) no obligation to testify exists and no inference can be drawn from her failure to do so.

The second objection is sound. The offense is a crime and defendant, who is excused on constitutional grounds from verifying her answer, can, for the same reason, demand that her silence be not used against her. If *Butler* v. *Butler* (134 N. Y. S. 108, affd. 153 App. Div. 900) may seem to hold otherwise, it

should be noted that even before considering the meaning of her silence, the court said (p. 110) that " the charges * * * were established by satisfactory testimony ".

The first objection is not sound. The proof would certainly suffice on an inquest in an uncontested hearing. She was identified by more than one witness as the woman who lived as Mrs. Goldfeder, with a man of that name. She presumably could, at least, produce him to show otherwise, but did not. That failure lays the basis for an inference in this department, where *Milio* v. *Railway Motor Trucking Co.* (257 App. Div. 640) is not the law (*Masterson* v. *Solomon,* 191 Misc. 635). Motion to dismiss denied with exception; judgment for plaintiff.