GERTRUDE MINTZ et al., Respondents, *v.* DOROTHY V. WIPPER et al., Appellants.

Supreme Court, Appellate Term, Second Department, March 23, 1955.

*Louis M. Brass* and *William J. Tropp* for appellants.

*William W. Heiberger* and *Irving Chapnick* for respondents.

*Per Curiam.* It was error for the court to charge the jury, as requested by plaintiff with respect to the inference to be drawn from the unexplained absence of the defendants or any witnesses under their control. " In such circumstances the jury have the right to accept the testimony before them which might have been but was not controverted, and to take it most strongly against the party who might have controverted it but failed to do so. The jury may not, however, infer that such witness would, if called, testify unfavorably to the party who failed to call him." (*Raimondo* v. *Fairchester Bakers*, 265 App. Div. 861; *Perlman* v. *Shanck*, 192 App. Div. 179.) This is a far different thing, however, from instructing the jury that it " can infer that such testimony would not be favorable to the party

who fails to appear or fails to produce him." The failure of the defendants to call witnesses does not warrant an inference " that the non-existent testimony would have been unfavorable to defendant. Regardless of plaintiff's difficulties, he must prove his own case." (*Milio* v. *Railway Motor Trucking Co.,* 257 App. Div. 640, 642.)

The judgment should be unanimously reversed, upon the law and facts, and a new trial granted, with costs to the defendants to abide the event.

PETTE, HART and DI GIOVANNA, JJ., concur.

Judgment reversed, etc.