O'DONALD B. LAFFIN, Respondent, *v.* ROBERT J. RYAN, Appellant.

Third Department, May 8, 1957.

*Luke A. Burns, Jr.,* for appellant.

*Arthur B. Hart, Albert Jakobson* and *Benedict S. Rosenfeld* for respondent.

HALPERN, J. This is an appeal from a judgment for the plaintiff in the amount of $15,000 in an action for personal injuries. The amount of the verdict is attacked as excessive but, upon a review of the evidence, we find that it was well within the limits of the jury's discretion. The plaintiff suffered, as a result of the accident, a dislocated left hip, fractures of the pelvis, fractures of the ribs and an injury to one of his lungs. The only medical testimony in the case was to the effect that permanent disability had resulted from the injuries.

The principal question of law raised upon the appeal is the correctness of a request to charge granted by the court as to the effect of the defendant's failure to call a doctor who had examined the plaintiff on his behalf.

At the close of the court's main charge, the attorney for the plaintiff asked the court to charge: "May I respectfully ask you to charge on Milio against Railway Motor Trucking Company, in so far as the medical testimony is concerned, the records showing, on the concession of the defendant, that a doctor examined the plaintiff, that they have the right to take into consideration the failure of the defendant to call that doctor and explain his absence and in so doing give great weight and consideration to the testimony of Dr. Weston."

The court granted the request and the defendant's attorney noted an exception.

While the attorney for the plaintiff cited the *Milio* case (257 App. Div. 640) by name and purported to follow it in his request to charge, he did not state correctly the substance of the charge as approved in that case. The *Milio* case was an action for the death of an infant alleged to have been struck by a truck at a street crossing. The defendants rested at the close of the plaintiff's case and called no witnesses. In this situation, the court held (p. 642) that the plaintiff was " entitled to an instruction that the evidence might be taken most strongly against the defendants since they could have called the driver of the truck to explain the accident and had failed to do so ". The court also held (p. 641): " The failure to call a witness within the control of a party may justify giving greater weight to the testimony already in the case ".

It will be noted that the plaintiff's attorney did not ask the court to charge the jury that it had the right to give *greater* weight to the testimony of Dr. Weston, the plaintiff's physician, than it might have given if there had been no showing of a failure on the part of the defendant to call the physician who had examined the plaintiff on his behalf, but he asked the court to charge that because of the failure of the defendant to call

his physician or to explain his absence, the jury had the right to give *great* weight and consideration to the testimony of Dr. Weston. The substitution by the plaintiff's attorney in the request to charge of the positive form " great " for the comparative degree " greater " gave the charge a wholly different meaning. Theoretically, the instruction authorized the jury to give great weight to the testimony of Dr. Weston merely because of the defendant's failure to call his doctor even though it might have been inclined, in the absence of that instruction, to give little or no weight to his testimony.

It thus appears that the charge was erroneous but, under the circumstances of this case, the error was not a prejudicial one. Dr. Weston had testified concerning the injuries and their effect upon direct examination in a clear and convincing manner. There was no cross-examination whatever with regard to the substance of his testimony. He was merely asked on cross-examination whether by means of his treatment he had obtained a good result and he said that he had and he was asked whether the dislocation of the hip he had described was a partial dislocation and he said that it was. The doctor's testimony was not discredited in any way nor was it " in its nature, surprising, or suspicious " (*Hull* v. *Littauer,* 162 N. Y. 569, 572). There was no other medical proof in the case. In this situation, the objection to the form of the charge was wholly academic, since the jury would necessarily have had to give great weight to the testimony of Dr. Weston on the issue of damages, even if nothing had been said about the subject in the charge (cf. *Hull* v. *Littauer, supra*; *Piwowarski* v. *Cornwell,* 273 N. Y. 226). There was no other evidence on the subject to which it could give consideration. Under these circumstances, the instruction that the jury had the right (not that it was its duty) to give great weight to the testimony of Dr. Weston could hardly be termed prejudicial.

Since the plaintiff's attorney purported to follow the *Milio* case, we have considered the correctness of the charge against the standard of the charge approved in that case. However, we do not wish to be understood as approving all that was said in the *Milio* case or as holding that a charge which went beyond the *Milio* rule would not be proper. On the contrary, we believe that the charge as requested by the plaintiff in this case, except for the error in using the word " great " instead of " greater ", was less favorable to the plaintiff than that to which the plaintiff was entitled. The plaintiff was entitled to a charge that the jury had the right to take into account the unexplained failure of the defendant to call his doctor and had the right to

infer that his testimony would not have contradicted or qualified that of the plaintiff's doctor, if he had been called, and that, in that sense, his testimony would not have been favorable to the defendant. A charge in this form would have been in accord with the principles laid down in the texts and encyclopedias on the subject (2 Wigmore on Evidence [3d ed.], § 285; 2 Chamberlayne on Modern Law of Evidence, § 1075; Curtis on New York Law of Evidence, § 212; 20 Am. Jur., Evidence, § 187; 31 C. J. S., Evidence, § 156). This form of charge has been approved in a long line of New York cases (*Group* v. *Szenher,* 260 App. Div. 308, affd. 284 N. Y. 741; *Galbraith* v. *Busch,* 267 N. Y. 230, 233; *Cushman* v. *De Nallie,* 46 App. Div. 379; *Hicks* v. *Nassau Elec. R. R. Co.,* 47 App. Div. 479; *Sugarman* v. *Brengel,* 68 App. Div. 377; *Kirkpatrick* v. *Allemannia Fire Ins. Co.,* 102 App. Div. 327, affd. 184 N. Y. 546).

But, in the *Milio* case, the court held (p. 641) that it was error to charge that " if a party has within his control a witness and that party fails to call that witness, the jury may infer, although they are not bound to do so, that the testimony of that witness would have been unfavorable to the party failing to call him ". The court condemned (p. 642) that charge upon the ground that " the jury have no right to indulge in any speculation with respect to what the witness, if called, would have testified to " (quoted from *Perlman* v. *Shanck,* 192 App. Div. 179, 183). The court in the *Milio* case also said that " The failure to call a witness within the control of a party * * * never authorizes a jury to speculate as to what the uncalled witness would testify to " (p. 641) and that it may not be inferred " that the non-existent testimony would have been unfavorable to defendants " (p. 642). It does not seem to us that authorizing the jury, in appropriate circumstances, to draw an inference that the testimony of the witness would have been unfavorable, permits it to engage in unwarranted speculation. The inference is rather a logical, rational inference based upon the party's conduct in failing to call a witness within his control, who presumably would have been called to contradict the testimony of the adverse party's witnesses if he could truthfully have done so. The natural inference is that the witness was not called because he could not truthfully have contradicted the evidence offered by the other party. This inference may not properly be condemned as mere speculation. " The nonproduction of evidence that would naturally have been produced by an honest and therefore fearless claimant permits the inference that its *tenor is unfavorable to the party's cause* " (2 Wigmore on Evidence [3d ed.], § 285,

p. 162). " The *inference* (supposing the failure of evidence not to be explained away) is of course that the tenor of the specific unproduced evidence would be *contrary to the party's case,* or at least would not support it " (op. cit., § 290, p. 179).

Furthermore, there is an obvious gap in the reasoning of the *Milio* opinion. If no inference at all may be drawn by the jury as to the nature of the testimony which the witness would have given, if called, there is no basis for the jury's taking more strongly against the party, the evidence already in the case or for giving greater weight to it than it would otherwise have done.

It will be noted that *Group* v. *Szenher* (260 App. Div. 308, affd. 284 N. Y. 741, *supra*) was decided by the Appellate Division of the First Department, the same Appellate Division which had decided the *Milio* case, and that it was decided one year after the *Milio* case. In the *Group* case, it appeared that the defendant had called several witnesses as to the occurrence of the accident out of which the action had arisen but had failed to call his two daughters who had been in the car at the time. The Appellate Division held (pp. 308–309) that it was proper for the court to charge the jury that " the jury is permitted to consider that, if called, their testimony would not be favorable to this defendant ". The court distinguished the *Milio* case upon the ground that, in that case, the defendant had rested at the close of the plaintiff's evidence and had called no witnesses. The decision in the *Group* case was affirmed without opinion by the Court of Appeals, after a full presentation of the point in the briefs of counsel (284 N. Y. 741). It has thus been settled by the Court of Appeals that, at least in a case in which the defendant did not rest at the close of the plaintiff's case but called witnesses on the question at issue, it is proper to permit the jury to draw an inference that the testimony of a witness under the defendant's control, who presumably had some knowledge of the subject but who had not been called by the defendant, would not have been favorable to him.

But the nature of the inference must be properly understood. The inference cannot take the place of evidence; it cannot supply a deficiency in the other party's case nor can it be regarded as proof of any essential fact (*Kezer* v. *Dwelle-Kaiser Co.*, 222 App. Div. 350, 356). As has been said, the effect of the failure to call the witness is "persuasive rather than probative " (*Stocker* v. *Boston & Maine R. R. Co.*, 84 N. H. 377, Ann. 70 A. L. R. 1320, 1326; see, also, *People* v. *Ashley*, 42 Cal. 2d 246; *Kimball* v. *O'Dell & Eddy Co.*, 138 App. Div. 409; *Eldridge* v. *Terry & Tench Co.*, 145 App. Div. 560).

To state the point in another way, the inference relates only to the question of contradicting or corroborating evidence which is already in the case. No inference may be drawn as to the possible testimony of the witness upon a new subject not touched upon by the proof in the case. The most that the jury can be allowed to infer is that the witness would not have contradicted the proof offered by the adverse party, concerning the matter with which the witness was presumably familiar, or that the witness would not have corroborated or supported the proof offered by the party in whose control he was. The inference from the failure to call the witness therefore is operative only in the process of weighing the evidence in the case; it cannot be used as the basis for a finding upon a point on which there is no evidence in the case at all.

The inference thus has the effect only of authorizing the jury to give greater weight to the evidence of the adverse party, or to give less weight to the evidence of the party who had failed to call the witness, than it might otherwise have done. The rule is merely an application of the maxim enunciated by Lord MANSFIELD in 1774 and followed ever since that "all evidence is to be weighed according to the proof which it was in the power of one side to have produced, and in the power of the other to have contradicted" (*Blatch* v. *Archer,* 1 Cowp. 63, 65).

When the nature of the inference is stated in this way, it does not differ very greatly from the conclusion reached in the *Milio* case, and much of the apparent conflict in the cases is dissipated. While, as we have seen, some of the reasoning in the *Milio* case is unacceptable, the form of charge approved by the court in that case is not objectionable, insofar as it consists of the bare statement that the jury may take into account the failure of the party to call the witness in weighing the evidence in the case and may give greater weight to the testimony introduced by the adverse party on the relevant issue, than it might otherwise have done. The charge in that form is elliptical in omitting any reference to the inference which is an essential part of the underlying reasoning but the charge itself is unexceptionable. However, in our view, it is preferable for the court to charge the jury that it has the right to draw an inference that the testimony of the uncalled witness would have been unfavorable, at the same time explaining to the jury the limited scope and effect of the inference. The party against whom the witness might have been called is entitled, upon request, to a full charge of this type. On the other hand, the party who could have called the witness but failed to do so

cannot complain if the *Milio* form of charge is used and the underlying reasoning is omitted, since a statement of the reasoning would only serve to strengthen the impact of the charge against him. (*Masterson* v. *Solomon,* 191 Misc. 635, affd. 275 App. Div. 861, affd. 300 N. Y. 545).

We conclude that there was no error in the case prejudicial to the defendant.

The judgment and order should be affirmed, with costs.

FOSTER, P. J., BERGAN, COON and GIBSON, JJ., concur.

Judgment and order affirmed, with costs.