Florence ANTHONY, Plaintiff-Appellant,

v.

F. W. WOOLWORTH CO., Inc., Defendant-Appellee.

No. 217, Docket 28253.

United States Court of Appeals Second Circuit.

Argued Jan. 7, 1964.

Decided Jan. 21, 1964.

John J. Gallione, New York City, for plaintiff-appellant.

Patrick E. Gibbons, New York City (Terhune, Gibbons & Mulvehill, New York City), for defendant-appellee.

Before MOORE, KAUFMAN and MARSHALL, Circuit Judges.

PER CURIAM.

Plaintiff appeals from a judgment entered upon a jury verdict in favor of defendant. She claimed that immediately after entering defendant's store on Eighth Avenue between 38th and 39th Streets, New York, she slipped and fell because the floor was wet and slippery. She was the only witness for her case; defendant rested without calling witnesses. The court submitted the question of negligence to the jury in a charge which fairly and accurately presented the legal standards to be applied. After the jury had found for defendant, plaintiff moved to set the verdict aside as against the weight of the evidence.

Plaintiff on appeal argues that the verdict was against the weight of the evidence and that the motion to set aside should have been granted. Her contentions are without merit. Plaintiff was accorded every opportunity to present the facts of her case to the jury. Their determination of the merits is controlling.

Plaintiff also asserts as error that the court's charge with respect to defendant's failure to produce any witnesses was improper. Plaintiff's counsel submitted no request to charge on this subject. The court in discussing requests announced that it would charge the law as approved in Milio v. Railway Motor Trucking Co., 257 App.Div. 640, 15 N.Y.S.2d 73. Plaintiff now claims that the court should have interrupted the trial by adjournment to give her counsel an opportunity to try to find some better language than that expressed in the Milio case. The court's charge as given was correct. Furthermore, no exception was taken to the charge.

Judgment affirmed.