■ GILBERTO LOPEZ, Respondent, v WILLIAM J. BURNS INTERNATIONAL DETECTIVE AGENCY, INC., Appellant, et al., Defendant.—Judgment, Supreme Court, Bronx County, entered May 2, 1974, unanimously reversed, on the law and on the facts and vacated, and the cause remanded for trial anew on both issues, with $60 costs and disbursements of this appeal to abide the event. Defendant-appellant employed one Julio Lopez as a uniformed guard and, after six months of employment, procured a pistol permit for him. Letters sent to employers whose names had been furnished by Lopez turned up no denigratory information, unless the unexplained laconic observation of one former employer that it would not rehire him be deemed such. We do not so regard it. The required submission of Lopez' fingerprints to State and city agencies revealed no prior difficulty, and a polygraph test did not result in any unfavorable indication. Personal references were on the favorable side. In short, we are persuaded that defendant did everything it could reasonably be expected to do to check up on the prospective employee, and the Police Department granted the permit. Lopez actually did have an arrest record, undiscovered until, thereafter, he used the firearm improperly, not in the course of employment, and plaintiff-respondent was injured. He sues upon the theory that defendant was negligent in having failed to exercise proper precautions in hiring one of vicious propensities. The verdict of liability was against the weight of evidence, and a new trial is required on this score. Lopez was discharged when his true background was disclosed, and he did not appear at the trial. The trial court charged the jury that "there was no testimony here explaining the failure to call Julio Lopez except for the possibility, if you accept it, that he is no longer in the employ of the Burns agency." This was error, for failure to call him in these circumstances raised no unfavorable inference; defendant-appellant exercised no control over its former employee. (See Group v Szenher, 260 App Div 308, affd 284 NY 741.) This error was compounded by an observation responding to exception taken: "The fact he's not in your employ now doesn't mean you couldn't subpoena him." A new trial would be required by this error alone. Concur—Markewich, J. P., Kupferman, Tilzer, Lane and Yesawich, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. LAWRENCE BROWN, Appellant, v ARTHUR RUBIN, as Warden of the Men's House of Detention of New York City, Respondent.—Judgment, Supreme Court, New York County, entered on May 13, 1974, unanimously affirmed. The stay of execution granted by order of this court entered on August 8, 1974, is vacated. No opinion. Concur—Markewich, J. P., Murphy, Lupiano, Tilzer and Capozzoli, JJ.